Kaufman agt. Lindner.

# CITY COURT OF NEW YORK.

KAUFMAN KAUFMAN and ISAIAH KAUFMAN,. plaintiffs, agt. ISIDORE LINDNER, defendant.

*Code of Civil Procedure, section* 1268 — *When bankrupt not entitled to discharge of judgment under this section.*

Under section 5117 of the Revised Statutes of the United States, which provides that "no debt created by the fraud of the bankrupt shall be discharged by proceedings in bankruptcy," those claims which have been incurred by any false representations or pretense of the bankrupt, or purchases made with the preconceived intent of not paying for them, are fraudulently contracted, and the debts thus arising are not discharged.

The nature of the action and character of the claim is not to be determined by the demand of the complaint, for the reason that prior to the amendment of 1879 (*adding subdivision 4 to section* 549 *of the Code of Civil Procedure*), the complaint should not contain the allegations of fraud; but when the affidavits upon which the order of arrest was granted discloses a claim incurred by the false representations of the bankrupt, it is not discharged by the proceedings in bankruptcy.

*Special Term, June,* 1884.

HYATT, *J.*— This is a motion by a judgment debtor claiming to have been discharged in bankruptcy from the debt on which the judgment in this action was recovered, for an order directing the clerk of this court to cancel and discharge the said judgment of record.

The motion is made under and pursuant to section 1268 of the Code of Civil Procedure, and the facts are as follows: The plaintiffs recovered judgment against the defendant May 21, 1874, for $416.23, on a demand for goods sold and delivered and for money loaned by them to the defendant, which became due and payable before the 27th day of April, 1874. On said last mentioned day proceedings in bankruptcy were begun against the defendant, in which he is called "Israel" Lindner, and on May 9, 1874, he was duly adjudicated a bankrupt. On May 22, 1882, the defendant was discharged in

bankruptcy under the name of "Israel" Lindner from the payment of all debts due from him on and before April 27, 1874, not excepted by section 5117 of the Revised Statutes of the United States.

An order of arrest was granted and the defendant arrested thereunder, as appears by the certificate of the sheriff of the service of the order, [affidavits and summons; the defendant appeared in the action, but failed to answer or demur to the complaint.

The affidavits, upon which the order of arrest was granted, aver the purchase of goods by the defendant from the plaintiffs upon his representations that he had a valuable stock of jewelry in his store; that by reason of paying out large sums of money he was then short, but expected soon to pay all he owed plaintiffs; that he owed very little to any one else, and that his stock was all paid for except a few hundred dollars; they further aver that the plaintiffs believing and relying upon the representations of the defendant, sold and delivered to him a quantity of goods; that the said representations were false; that the defendant was wholly insolvent; that he did not pay either the plaintiffs or others to whom he was largely indebted; and that he had removed, concealed or secreted, the said stock from his store for the purpose of defrauding his creditors.

Section 5117 (*supra*) provides that "no debt created by the fraud of the bankrupt shall be discharged by proceedings in bankruptcy." Claims usually comprised under this title, are those which have been incurred by any false representations or pretense of the bankrupt. Purchases made with the preconceived intent of not paying for them, are fraudulently contracted, and the debts thus arising are not discharged under this section (*Stewart* agt. *Emerson*, 8 *Benedict's R.*, 462)..

The judgment in this action did not merge the alleged fraud; the court can, for the purposes of the bankruptcy statute, go behind the judgment, to see whether the claim upon which it was recovered was created by fraud (*In re Patterson*, 1 *Benedict's R.*, 307; *In re Whitehouse*, 4 *id.*, 63; *Warner*

agt. *Kronkhite*, 13 *id.*, 52). The defendant contends however that this action was upon contract, because the complaint, which was served after the granting of the order of arrest, was for a sum of money only, for goods sold and delivered and money loaned, and that the claim upon which the judgment was recovered, was therefore discharged by the operation of the defendant's discharge in bankruptcy.

The nature of the action and character of the claim is not to be determined in the case at bar, by the demand of the complaint, for the reason that prior to the amendment of 1879 (*adding sub. 4 to sec. 549, Code of Civil Pro.*) it had been well settled that in this class of cases the complaint should not contain the allegations of fraud.

In my judgment the affidavits, upon which the order of arrest was granted, disclose a claim incurred by the false representations of the bankrupt, which was not discharged by the proceedings in bankruptcy.

If I am right in my conclusion, it is unnecessary to consider whether the defendant is entitled to the benefit of a discharge granted to him in the name of "Israel" instead of Isidore.

The motion is denied, with ten dollars costs.