GEORGE BURNHAM and Others, Appellants, *v.* JOHN F. PIDCOCK, Respondent.

*Exemplification of a judgment record of another State — the opinion must be received in evidence — "judgments in actions for frauds" in the Bankruptcy Act means actual fraud — conversion is not — the fraud must be determined from the record.*

Where the record of a judgment rendered by a court of a foreign State, exemplified under the provisions of the act of Congress, is offered in evidence in an action in the State of New York, the court must receive every portion of the record certified to it, and cannot exclude any part thereof, such as the opinion of the court, because it would not have been certified as part of the record in the State of New York.

The provision of section 17 of the Bankruptcy Law, excepting from the operation of a discharge in bankruptcy "judgments in actions for frauds," relates to cases where fraud is the gravamen of the action and in which proof of the fraud is essential to the recovery, and does not include a judgment rendered in an action in which the right of recovery is based upon an act not essentially fraudulent although fraud may be incidentally shown.

The question whether a judgment is released by a discharge in bankruptcy must be determined from the record and not from any extrinsic proof.

A judgment rendered in an action for the conversion of goods is not excepted from the operation of a discharge in bankruptcy, although the court presiding at the trial of the action said that the act which rendered the defendant liable for the conversion was fraudulent.

APPEAL by the plaintiffs, George Burnham and others, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 21st day of November, 1900, upon the decision of the court rendered after a trial at the New York Trial Term before the court without a jury dismissing the complaint.

*E. P. Johnson,* for the appellants.

*Charles D. Ridgway,* for the respondent.

RUMSEY, J.:

The action was brought upon a judgment against the defendant, recovered in the Supreme Court of New Jersey on the 4th of November, 1896. The defendant set up as a defense a discharge in bankruptcy granted to him on the 24th of April, 1900, in a proceeding begun on the 27th of December, 1898, after the judgment was entered. There is no dispute about the facts, but all of them were admitted upon the trial. The judgment was proved by a copy of the record in the Supreme Court of New Jersey, exemplified under the provisions of the act of Congress. There was contained in this record what purports to be an opinion by the court upon a review of the proceedings after the trial. This opinion, as the record here shows, was objected to and was not admitted in evidence. The exclusion of this portion of the record is insisted upon as error. We think that the court below had no right to refuse to receive any portion of what was contained in the record as exemplified. That record is made up by the court which sent it here, and it must be presumed to have been made under the provisions of the law of the State where the judgment was recovered, and whatever the courts of that State have certified as a part of the record must be, as we apprehend, received here as such, and no part of it can be excluded because it would not have been certified as part of the record in this State. For this reason it was error to exclude this part of the record, and if that error had worked any injury to the

plaintiffs it is quite possible that the judgment would have to be reversed, but we think that no harm was done by refusing to receive it.

The plaintiffs claim that the discharge in bankruptcy did not release the defendant's liability upon this judgment. They base that claim upon the provisions of section 17 of the Bankruptcy Law, by which it is provided that a discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as " 2. Are judgments in actions for frauds, or obtaining property by false pretenses or false representations, or for willful and malicious injuries to the person or property of another." This statute differs from the Bankruptcy Law of 1867, in which it was provided that no debt created by the fraud or embezzlement of the bankrupt or by his defalcation as a public officer or while acting in any fiduciary character, should be discharged by proceedings in bankruptcy. (U. S. R. S. § 5117.) Under that section it was held that a judgment recovered in an action for conversion was released by a discharge in bankruptcy, and that the fraud referred to in that section which would prevent a discharge meant " ' positive fraud, or fraud in fact, involving moral turpitude or intentional wrong, as does embezzlement; and not implied fraud, or fraud in law, which may exist without the imputation of bad faith or immorality.' " (*Hennequin* v. *Clews*, 111 U. S. 676, 681.)

The judgments which are excepted from the effect of a discharge in bankruptcy are, as it is expressed in the statute, judgments for fraud. That phrase means that the fraud is the gravamen of the action in which the judgment is recovered, and that proof of the fraud is essential to the right of recovery. It does not include a judgment in which the right of recovery is based upon an act which is not essentially fraudulent, although in that action fraud may be incidentally shown. In almost every case where one has been defrauded, he not only has a cause of action based purely upon the fact that a fraud has been committed upon him, but he may bring an action based upon a contract which the law implies as arising from the fraudulent act, in which the fraud is a matter of incidental proof, but yet does not lie strictly at the foundation of the action. For instance, if one has been induced by false representations and deceit to sell property to another upon credit, he may bring an

action to recover damages for the deceit, and the judgment recovered in that action would be a judgment for fraud and would not be released by a discharge in bankruptcy. But if he sees fit he may disregard the terms of credit and bring an action to recover at once the purchase price of the goods, in which case the action is upon a contract and it would be discharged in bankruptcy, because it would not be a judgment in an action for fraud.

In each case, the nature of the action is determined by the record, and, therefore, when it is necessary to consider whether a judgment is released by a discharge in bankruptcy the fact must be determined by the record and not by any allegation or proof outside of it. (Coll. Bank. [3d ed.] 197, and cases cited.)

This action is brought for the conversion of goods. It is not essentially an action for fraud, and the cause of action does not necessarily depend upon any positive fraud, but it only requires proof of an improper interference with the property of another; and although fraud may incidentally be at the foundation of that interference, yet the judgment is one for conversion and cannot be said to be one for fraud. It is quite true that in this particular case the learned court in New Jersey, in determining the motion for a new trial, said that the act of the defendant which made him liable for the conversion was fraudulent, but that statement does not change the nature of the record, nor can the opinion of the court be taken as proof that fraud necessarily lay at the foundation of the action, even if that could be established outside of the record, which we do not think.

The fraud which will prevent the operation of the discharge in bankruptcy, must be, as is said in the case of *Hennequin* v. *Clews* (*supra*), "'positive fraud, or fraud in fact, involving moral turpitude or intentional wrong,'" and it is necessary that that fraud should be an essential part of the cause of action, without the proof of which the plaintiff cannot recover. There is no such fraud in this case, and, therefore, the judgment of the learned court below was correct and must be affirmed, with costs.

VAN BRUNT, P. J., PATTERSON, INGRAHAM and HATCH, JJ., concurred.

Judgment affirmed, with costs.