HARGADINE–McKITTRICK DRY GOODS CO. v. HUDSON (SIMMONS HARDWARE CO., Garnishee; WITBECK, Interpleader).

(Circuit Court, E. D. Missouri, E. D. October 24, 1901.)

No. 4,357.

1. BANKRUPTCY—DEBTS RELEASED BY DISCHARGE—JUDGMENTS.

A judgment rendered on promissory notes cannot be brought within Bankr. Act 1898, § 17a, cl. 2, excepting from the provable debts released by a discharge debts which "are judgments in actions for frauds," by evidence that the debt was fraudulent in its inception; the creditor being conclusively bound by his election to waive the fraud and sue on the contract.

2. RES JUDICATA—DECISION OF BANKRUPTCY COURT DISALLOWING CLAIM.

The decision of a court of bankruptcy that a claim presented for allowance against the estate of a bankrupt was barred by limitation renders such question res judicata between the parties, and it cannot be again litigated in a subsequent action brought on the claim against the bankrupt.

At Law. On motion to strike out parts of reply.

Johnson & Richards, for plaintiff.
A. & J. F. Lee, for defendant.

ROGERS, District Judge. This is an action of debt on a judgment rendered in a state court in Texas. The defendant pleads his discharge in bankruptcy granted in the district court of the United States for the district of Colorado, of which state he was at the time of filing his petition and at the time of his discharge a citizen and resident. The plaintiff replies, saying that it has no information, sufficient to form a belief, whether or not the defendant was ever a citizen of the state of Colorado, or resident of the city of Denver, in said state, or whether the defendant was duly adjudged a bankrupt in the district court of the United States in the district of Colorado, or that said court ever had jurisdiction over the defendant, or that, thereafter, to wit, on the 17th day of April, 1900, defendant was duly discharged, by order of that court entered of record, from the payment of all debts provable against his estate on the 26th day of January, 1900, and therefore denies said allegations in defendant's answer. For a second reply the plaintiff alleges that it presented its claim for the amount of the judgment sued on to the referee in bankruptcy of the district court of the United States for the district of Colorado, and the same was disallowed by the referee because it was barred by the statute of limitations of that state; that an appeal was had to the district court, and the opinion of the referee was confirmed, and said claim was disallowed; that, when such action was had whereby said claim was disallowed, said judgment was not barred by the statute of limitations either in the state of Texas or in the state of Missouri. And for a third reply defendant says that the debt which was the foundation of the judgment sued on in this case was created by the fraud of the defendant, and sets out the facts constituting the fraud. The motion in this case is to strike out the second and third pleas.

The real question involved in this case is whether or not the discharge in bankruptcy operated as a release of the defendant from the judgment sued on. It was conceded in argument, and it affirmatively appears by the last paragraph of the reply preceding the prayer thereof, that the judgment sued on was obtained upon promissory notes, and was not in an action for fraud. The question, in the opinion of the court, turns upon the peculiar language of the statute. It is well enough to compare the provisions of the present bankrupt law with the provisions of the bankrupt law of 1867. Sections 5117, 5118, and 5119 of the Revised Statutes of 1878 are as follows:

"Sec. 5117. No debt created by the fraud or embezzlement of the bankrupt, or by his defalcation as a public officer, or while acting in any fiduciary character, shall be discharged by proceedings in bankruptcy; but the debt may be proved, and the dividend thereon shall be a payment on account of such debt.

"Sec. 5118. No discharge shall release, discharge, or affect any person liable for the same debt for or with the bankrupt, either as partner, joint contractor, indorser, surety, or otherwise.

"Sec. 5119. A discharge in bankruptcy duly granted shall, subject to the limitations imposed by the two preceding sections, release the bankrupt from all debts, claims, liabilities, and demands which were or might have been proved against his estate in bankruptcy. It may be pleaded by a simple averment that on the day of its date such discharge was granted to

the bankrupt, setting a full copy of the same forth in its terms as a full and complete bar to all suits brought on any such debts, claims, liabilities, or demands. The certificate shall be conclusive evidence in favor of such bankrupt of the fact and the regularity of such discharge."

If the question at bar had arisen under the sections just quoted, a decided conflict of authority might readily be cited; but the present bankrupt law reads as follows (section 17a):

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as (1) are due as a tax levied by the United States, the state, county, district, or municipality in which he resides; (2) are judgments in actions for frauds, or obtaining property by false pretenses or false representations, or for willful and malicious injuries to the person or property of another; (3) have not been duly scheduled in time for proof and allowance, with the name of the creditor if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy; or (4) were created by his fraud, embezzlement, misappropriation, or defalcation while acting as an officer or in any fiduciary capacity."

The difference in the language is striking. Under the old law "no debt created by the fraud or embezzlement of the bankrupt" was discharged by the proceedings in bankruptcy, but in the present act it is "judgments in actions for fraud, or obtaining property by false pretenses or false representations or for willful and malicious injuries to the person and property of another," which are not released by the discharge in bankruptcy. There is no pretense that the action in which judgment was rendered was an action for fraud. It was a simple action upon a promissory note. The legislature had some object in view in making this change. It is presumed to have known what the old law was upon the subject, and to have legislated with reference thereto. Its object, therefore, must have been to change the law in this respect. There are two canons of construction which can never be overlooked: Primarily, the effort is to get at the intent of the legislature; and, secondly, in doing so, the whole act must be construed so as that every word thereof shall have its appropriate meaning. To say that an action on a promissory note, in the usual and ordinary form, is an action for fraud, is not tenable. Where a note is founded in fraud, two remedies exist. The holder may waive the contract and sue for the fraud, or he may sue upon the note and waive the fraud. The plaintiff in this case chose the latter course, and took its judgments on the notes. Under this statute it must be bound by that record, and cannot go back of it. The motion, therefore, to strike out, should be sustained. In re Rhutassel (D. C.) 96 Fed. 597; In re Blumberg, 1 Am. Bankr. R. 633, 94 Fed. 476; Coll. Bankr. pp. 154–194; Burnham v. Pidcock, 5 Am. Bankr. R. 590, 68 N. Y. Supp. 1007; Id., 3 N. Bankr. N. 342, 66 N. Y. Supp. 806; In re Whitehouse, Fed. Cas. No. 17,564.

It is said that, while the judgment sued on was barred in Colorado, it was not barred in Texas, where it was recovered, nor in Missouri, where the debt was contracted. It is sufficient to say that upon that question the lex loci must govern, and, secondly, that the statutes of limitation govern only in the states which enact them, but the statute releasing claims in bankruptcy emanates from

the congress, and is as wide in its operation as all the states and territories. The power to enact such a statute was delegated to the congress by the states in the constitution. The result follows that the bankruptcy act is paramount in its operation to all state statutes in conflict therewith. This question, however, cannot be raised in this court. The question was raised in the district court of Colorado, from which no writ of error appears to have been sued out, and that question between the parties is res adjudicata.

The motion is sustained.