(72 App. Div. 128.)

### STEVENS et al. v. MEYERS.

(Supreme Court, Appellate Division, First Department. May 16, 1902.)

BANKRUPTCY — DISCHARGE — EFFECT ON JUDGMENT SUBSEQUENTLY ENTERED BY CONSENT.

    Plaintiffs sued on March 24, 1899, to recover the value of goods sold to defendant, the complaint averring fraudulent representations by defendant as to financial standing. On September 19, 1899, defendant was adjudged bankrupt, and on November 27, 1900, a discharge in bankruptcy was granted. Thereafter, on January 25, 1902, the action came on for trial, and, on plaintiff's agreeing to withdraw all allegations of fraud, counsel for defendant consented to judgment for the amount claimed, which was entered. *Held*, that plaintiff's right to the judgment was based on the stipulation, for which there was a sufficient consideration, and the judgment rendered thereupon constituted a conclusive adjudication that at the time defendant was indebted to plaintiff for the amount thereof, and defendant was therefore not entitled to have it canceled, as discharged by the bankruptcy proceedings.

Appeal from special term, New York county.

Action by Herbert B. Stevens and others against Amelia A. Meyers, impleaded, etc. Judgment for plaintiff by consent. From an order of the special term canceling the judgment, plaintiffs appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

T. B. Chancellor, for appellants.
Charles Meyers, for respondent.

INGRAHAM, J. This action was commenced on the 24th of March, 1899, to recover the value of certain goods, wares, and merchandise sold and delivered by the plaintiffs to the defendant, of the value of $443.83. The complaint alleges that the defendants purchased the said goods from the plaintiffs, and procured the delivery of the same to them, with intent to cheat and defraud the plaintiffs.

out of the value thereof, and with intent not to pay for the same; that prior to the purchase of these goods the defendants, for the purpose of establishing credit with the subscribers of an agency known as Wood's Dry Goods Commercial Agency, stated to the said agency that their financial condition of January 2, 1896, was that they had a surplus of assets over liabilities of over $77,000; that said agency communicated and delivered to the plaintiffs the said statement, and that, believing the same to be true, the plaintiffs sold and delivered to the defendants the goods, wares, and merchandise in the complaint alleged; that the said statement was false and untrue, and was known to the defendants to be false and untrue at the time they were made, and were so made for the purpose of cheating and defrauding the plaintiffs and other merchants who were subscribers to the said agency; and the complaint demands judgment against the defendants for the sum of $543.83. The defendants, answering the complaint, admitted the sale and delivery of the goods, but denied the fraud. Subsequent to the commencement of the action, on the 19th day of September, 1899, the defendant respondent was adjudicated a bankrupt by the United States district court, and on the 27th day of November, 1900, a discharge in bankruptcy was granted. On the 25th day of January, 1902, this action came on for trial. Upon the trial, after the case was opened and the examination of the plaintiffs' witnesses commenced, counsel for the defendants stated in open court that if the plaintiffs would withdraw from their complaint all allegations of fraud against the defendants the defendants would consent to judgment. Counsel for the plaintiffs agreed to withdraw, and did in open court withdraw, from the complaint all allegations of fraud against the defendants, and thereupon counsel for the defendants consented to judgment against the defendants on behalf of the plaintiffs for the amount claimed. In pursuance of that stipulation a judgment was entered, which recites that, "upon the trial the plaintiffs having withdrawn all allegations of fraud in their complaint, the defendants consented that the plaintiffs may have judgment for the amount claimed, with interest," and it was adjudged that the plaintiffs do recover of the defendants the sum of $706.88. This judgment was entered January 30, 1902. A motion was made by the defendant Amelia A. Meyers to cancel and discharge of record this judgment, based upon her affidavit, setting up her adjudication in bankruptcy and discharge by the district judge of the United States district court. This motion was opposed by the plaintiffs, but granted by the court, and from the order granting the motion the plaintiffs appeal.

The motion is based upon section 1268 of the Code of Civil Procedure. That section is as follows:

"At any time after two years have elapsed, since a bankrupt was discharged from his debts, pursuant to the acts of congress relating to bankruptcy, he may apply, upon proof of his discharge, to the court in which a judgment was rendered against him for an order, directing the judgment to be canceled and discharged of record. If it appears upon the hearing that he has been discharged from the payment of that judgment or the debt upon which such judgment was recovered, an order must be made directing said judgment to be canceled and discharged of record."

In Monroe v. Upton, 50 N. Y. 593, it was held that the fact that the judgment did not exist on the day upon which the petition was filed did not prevent the court from vacating a judgment obtained before the discharge was granted if the debt upon which the judgment was recovered was in existence at that time; that for such a purpose as this the debt was not merged so as to be extinguished. Bank v. Gerry, 106 N. Y. 467, 13 N. E. 453. In this case, when the action came on for trial, plaintiff had a cause of action based on fraud which, if established, would not have been affected by the discharge. When this cause of action was sought to be enforced, defendant stipulated to allow a judgment against her for the amount claimed, if plaintiff would withdraw the allegations of fraud in the complaint, and a judgment was thereupon entered. The right of the plaintiff to that judgment was based upon that stipulation, from which there was a good consideration, and that stipulation was made after the discharge was granted. The form of the discharge was that the said Amelia A. Meyers be discharged from all debts and claims which are made provable by said acts against her estate, and which existed on the 19th day of September, 1899, on which day the petition for adjudication was filed by her. Is this judgment a debtor claim which existed on the 19th day of September, 1899? In Copper Co. v. Dimock, 90 N. Y. 33, it was said:

"The discharge no more rendered the judgment subsequently entered void than would payment or release of the debts during the pendency of the action. To defeat the enforcement of a valid judgment, payment, release, or a discharge, whether before the commencement of the action or during its pendency, must be availed of as a defense. * * * The estoppel in such a case comes when the final judgment is entered and the record is made up. The judgment speaks and concludes the parties as of that date. Here, on the 1st day of April, 1875, it was adjudged that the defendant owed the plaintiff the amount recovered, and that at that date he had no defense to the action. The judgment imports absolute verity, and cannot be contradicted by proof that the debt for which it was entered was not justly due. When sued upon a judgment, the defendant can no more prove a discharge in bankruptcy granted before its entry than he could be allowed to prove payment or a release pending the action."

And, commenting upon Monroe v. Upton, 50 N. Y. 593, and Clark v. Rowling, 3 N. Y. 216, 53 Am. Dec. 290, the court say:

"In these cases the general rule that debts are absolutely merged in the judgment recovered upon them, and that the judgment becomes a new debt, was not applied. But for the purpose of the cases then in hand it was held that the old debts were not merged, and that the judgments were merely the old debts in a new form, and that a discharge of the old debts therefore discharged the judgments, which simply represented them. In this case it is not necessary to consider whether or not the old debts were merged in the Massachusetts judgment, so that that judgment constituted an entirely new debt. It is the estoppel furnished by the judgment recovered subsequently to the discharge which stands in the defendant's pathway. That closes his mouth to allege the discharge."

In this case, from the recital in the judgment, it appeared that it was entered on a stipulation of the defendant made on the trial after the discharge was granted. That judgment was regularly entered, the court having jurisdiction of the person of the defendant and the subject-matter of the action; and it becomes a conclusive adjudica-

tion that at the time it was rendered the defendant was indebted to the plaintiffs in the amount for which the judgment was recovered, and no discharge after it was entered was shown which justified the court in canceling it or in refusing to enforce its payment. The judgment, therefore, was not discharged by the discharge in bankruptcy, nor was the cause of action upon which it was entered, as that was the stipulation upon the trial of the action; and the court was not justified in directing that it be canceled.

It follows, therefore, that the order appealed from must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.

VAN BRUNT, P. J., and LAUGHLIN, J., concur. PATTERSON and HATCH, JJ., concur on the ground that the entry of judgment by consent, upon the withdrawal of the charges of fraud, established an indebtedness not affected by the previous discharge of the defendant in bankruptcy.