<hr />

### STEFANINI v. SROKA.

(Supreme Court, Appellate Term.  May 5, 1904.)

1. BANKRUPTCY—DISCHARGE—EFFECT—JUDGMENT FOR WILLFUL TORTS.

    Bankr. Act July 1, 1898, c. 541, § 17, subd. 2, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3428], expressly provides that by his discharge a bankrupt shall not be released from a judgment for willful and malicious injuries to the property of another.

Appeal from City Court of New York, Special Term.

Action by Louis Stefanini against Louis Sroka. From an order granting defendant's motion to discharge and cancel of record the judgment recovered by plaintiff, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and LEVENTRITT and GREENBAUM, JJ.

Palmieri & Wechsler, for appellant.

Pavey & Moore, for respondent.

FREEDMAN, P. J.  Upon a complaint to recover damages for willful and malicious injury to plaintiff's property by defendant, the plaintiff, upon defendant's failure to appear at the trial, had a verdict, upon which judgment was duly entered for $2,200.55.  The defendant thereafter filed a voluntary petition in bankruptcy in the United States District Court, upon which in due course he was discharged from the payment of his debts and liabilities as provided by the bankruptcy act. Upon such discharge he then moved in the City Court that the judgment recovered in this action against him be discharged and canceled of record, which motion, although first denied, was granted after reargument upon the supposed authority of Burnham v. Pidcock, 58 App. Div. 273, 68 N. Y. Supp. 1007.  An examination of that case discloses that it has no application to the case at bar.  It decided that the fraud spoken of in subdivision 2 of section 17 of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3428]) means an actual, and not merely a constructive, fraud.  No such question is in the case at bar, which is controlled by a different provision of the same act, namely, that by his discharge a bankrupt shall not be released from a judgment for willful and malicious injuries to the property of another.  The record clearly shows that the judgment in this case was recovered upon allegations charging that the acts of the defendant were unlawful, wrongful, wicked, and malicious.  Such a

judgment is expressly excepted from the benefits to be derived from a discharge. Defendant's motion was therefore erroneously granted.

The order must be reversed, with costs and disbursements, and defendant's motion denied, with costs.

LEVENTRITT, J., concurs.  GREENBAUM, J., taking no part.