### In re BENOIT.

(Supreme Court, Appellate Division, First Department. February 7, 1908.)

1. BANKRUPTCY—DISCHARGE—DEBTS DISCHARGED—JUDGMENTS.

Where the complaint in an action to recover moneys collected as rent of certain property alleged that the defendant made untrue representations as to the rent collected by him, but did not allege that plaintiff relied upon such representations, that defendant intended to deceive, or that plaintiff sustained any damage, but simply asked for judgment therefor, the action was for money had and received, rather than for fraud, and a consent judgment was not a judgment in an action for fraud, so as to come within the exception of Bankr. Act July 1, 1898, c. 541, § 17, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3428], excepting judgments in actions for fraud or obtaining property by false pretenses or false representations 'from release by the discharge.

2. SAME.

Though the fact that a judgment does not show that it was recovered in an action of fraud is not conclusive of such fact, still the record in the action in which the judgment is rendered must show that fraud was the gravamen of the action, in order to bring the judgment within the exception of Bankr. Act July 1, 1898, c. 541, § 17, 30 Stat. 550 [U. S. Comp.

St. 1901, p. 3428], excepting a judgment in such action from release by a discharge in bankruptcy.

. Houghton and Scott, JJ., dissenting.

Appeal from Special Term.

Motion by Adolphe H. Benoit, after his discharge in bankruptcy, to have a certain judgment canceled and discharged of record. From an order denying the motion, the applicant appeals. Reversed, and motion granted.

Argued before PATTERSON, P. J., and INGRAHAM, CLARKE, HOUGHTON, and SCOTT, JJ.

Eugene L. Richards, Jr., for appellant.

William J. Reid, for respondent.

INGRAHAM, J. In March, 1904, Darsa J. Densmore and Robin Dale Compton commenced an action in the Supreme Court against the petitioner to recover certain moneys which the petitioner had collected as the rent of certain real property from the tenants thereof. The complaint alleged that the defendant in that action was lessee of the property No. 307 Fifth avenue, under a lease for 16 years from October 1, 1902; that on the 10th of March, 1904, the defendant assigned and transferred the lease to the plaintiff; that at the time of said assignment and transfer and as a part of the transaction the defendant stated and represented to the plaintiff that he had collected no rents from subtenants of said premises, except from certain subtenants named, which statement and representation was reduced to the form of an affidavit; that said statements were false and untrue; that the defendant had received from one subtenant a promissory note for $3,300 as rental for a floor in the building for one year from February 6, 1904, and had procured that note to be discounted and had received the proceeds thereof; that the plaintiff had demanded from the defendant the amount of said note, and the defendant had refused and neglected to pay; that that amount was due and owing from the defendant to the plaintiff, with interest from March 10, 1901; and a copy of the transfer of the lease from the defendant to the plaintiff and a copy of this so-called affidavit was annexed to the complaint.

The defendant interposed an answer to this complaint, and the case came on for trial at the Trial Term of the court, when the defendant consented that judgment against him should be taken for the amount demanded in the complaint, upon which consent judgment, without evidence being taken, was entered for the plaintiff against the defendant. Subsequently the defendant was adjudicated a bankrupt, and on October 5, 1906, he received his discharge in bankruptcy. The judgment was included in the schedules filed by the bankrupt, and the judgment creditor had notice of the proceeding. The judgment was thereby discharged, unless the claim was one excepted from the operation of a discharge in bankruptcy by the bankrupt law (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]). Section 17 of the bankrupt law provides that a discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as "(2) are judgments in actions for fraud or obtaining property by false pre-

tenses or false misrepresentations, or for wilful or malicious injury to the person or property of another." To bring this case within the exception, therefore, it must appear that this judgment was recovered in an action for fraud, as there is no claim that it comes within either of the other provisions of the subdivisions referred to.

Now this complaint lacks essential allegations of an action to recover for a fraud. It does allege that the defendant made a representation as to the rent that he had collected, which allegation was untrue, as he had collected rent that he had stated he had not collected. The fact that he made this representation in the form of an affidavit does not in any way add to its force. There is no allegation that the plaintiff relied upon such a representation, that the defendant intended to deceive, or that the plaintiff sustained any damage; but he asked for judgment for the amount of the rent that it was alleged the defendant had received in excess of that admitted in the so-called affidavit. The action is essentially for money had and received, rather than for fraud. An entirely different question would have been presented if the action had been tried out as an action for fraud; but in an action where the complaint does not contain the essential elements of an action to recover damages for fraud, and in which an answer was interposed, where a judgment is entered upon a consent, the judgment cannot be said to be a judgment in an action for fraud. It is true that the fact that the judgment does not show that the action was to recover for a fraud is not conclusive; but the record must show that the action was for one of the causes specified in section 17 of the bankrupt law, to bring it within the exception. That fact must appear somewhere in the record.

Matter of Bullis, 68 App. Div. 508, 73 N. Y. Supp. 1047, affirmed without opinion in 171 N. Y. 689, 64 N. E. 1119, is not in conflict with, but confirms, this view. The judgment in that case was obtained in an action in equity to require defendants to convey specific property, based upon false and fraudulent representations made by the defendants to the firm of Newcombe & Co. that a certain tract of land to be conveyed was free and clear from all incumbrances, and other representations in relation to said property. The complaint in that action alleged that the defendants well knew at the time they made said pretended conveyance that the said conveyance was in reality false and fraudulent, by reason of which irreparable injury was occasioned to the bondholders, including the plaintiff, unless a conveyance of certain property was specifically decreed. There was further alleged dereliction of duty by the defendants, by which they had diverted fraudulently and secretly a large amount of property of the corporation of which they were directors to their own use. The complaint then asked for a specific performance of a contract to convey the property, or that the defendants pay to the trustees, for the security of said bondholders, a sum of money equivalent to the value of the real estate that should be conveyed. Fraud was then expressly alleged, upon which equitable relief based upon such fraud was demanded. The judgment was based upon a decision of the Special Term finding that the defendants were guilty of fraud and deceit; the court also finding that

the statements and representations of the defendant with respect to the lands were fraudulent, and made with intent to deceive, and that the plaintiff was in fact deceived by the said statements and representations, and the said statements and representations were false and untrue, and the agreement was fraudulently made. The court assumed jurisdiction by reason of the fraud practiced by the defendants on the bondholders, and adjudged that the defendants pay a trust company a sum of upwards of $290,000 for their benefit. The Court of Appeals held that the action was founded upon the actual positive fraud of the defendants Bullis and Barse. It was then said:

"As we interpret subdivision 2 of section 17 of the bankrupt law, it does not limit the exception to common law actions of fraud or deceit. The gist and gravamen of the action must have been the positive and intentional fraud of the bankrupt. The record presented must clearly show that such misconduct was the pith of the action, and it may not be dependent upon oral proof or other evidence outside of the record."

It is because of the failure of the record in the action now before us to show that the fraud and deceit of the petitioner was the "gist and gravamen" of the action that the judgment is not within the exception specified in section 17 of the bankrupt law. Consequently the judgment was discharged, and the motion should have been granted.

It follows that the order appealed from must be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.

PATTERSON, P. J., and CLARKE, J., concur.

PATTERSON, P. J. I think the complaint in the action of Densmore v. Benoit is not to be regarded as one in an action to recover damages for fraud and deceit, but that the allegations contained therein respecting false statements and representations are statements of fact constituting reasons why ex æquo et bono the defendant should restore to the plaintiff the money the latter had collected from tenants of the premises mentioned in that complaint. The precise claim of the plaintiff, as stated in that complaint, is that he demanded of the defendant the sum of money mentioned in the complaint, that the defendant refused and neglected to pay the same, and that the same "is now due and owing from defendant to plaintiff, with interest." From the structure of this complaint, it seems to me that it must be regarded as sounding in contract, and not in tort; but if it were at all doubtful, and the complaint ambiguous, every intendment is in favor of construing it as being an action ex contractu. Goodwin v. Griffis, 88 N. Y. 629; Foote v. Ffoulke, 55 App. Div. 617, 67 N. Y. Supp. 368; Reed v. Hayward, 82 App. Div. 417, 81 N. Y. Supp. 608; Town of Green Island v. Williams, 79 App. Div. 263, 79 N. Y. Supp. 791.

INGRAHAM and CLARKE, JJ., concur.

HOUGHTON, J. (dissenting). While the complaint in the action in which judgment was obtained against the petitioner prior to his bankruptcy is very bad, still all it really lacks to make it a good complaint in fraud is the allegation of reliance upon the false representa-

tions. The making of the representations as to no advance rents having been collected on the lease and their falsity as to the tenant Rue are properly set forth. The written affidavit of defendant is appended to the complaint, from which knowledge of falsity can be fairly inferred. Facts are stated from which damages can be computed, to wit, loss of rent from April 1, 1904, at the rate of $3,300 per year. It is not fatal that the pleader called the damages resulting from the fraud which he particularly set forth an "indebtedness" or money "due and owing." The facts pleaded did not show any indebtedness in assumpsit, or for money had and received. The assignment of the lease, which is made a part of the complaint, contains no covenant against receipt of advance rents or that they had been collected only to a specified date. The action, therefore, was not based on any covenant in the assignment. In the absence of any agreement on the subject, the assignor of the lease was not under obligation to repay to the assignees any advance rents which he had collected prior to his assignment. The defendant did not, therefore, owe the plaintiffs any sum of money, either by implication of law or by agreement. If he was liable to them at all, under the facts alleged, he was liable because he had deceived them by his representations that he had not collected any advance rent from Rue.

No other inference than that the complaint is based on fraud can be gathered from the allegations. It is true the defendant could have demurred, and succeeded; but he answered, and admitted the representations contained in his affidavit, and that he had taken and discounted Rue's note, but pleaded that the agreement with Rue had been abrogated to plaintiff's knowledge. The omission of the allegation of reliance upon the representations was but a technical defect, concerning which an amendment could have been allowed on the trial. In the absence of any demurrer or motion on defendant's part, the complaint was good enough, especially as he allowed judgment to go against him in open court when the case was called for trial. Although fraud is not expressly charged in a complaint, if the facts showing it are pleaded, such omission is not material after judgment. Goldsmith v. Goldsmith, 145 N. Y. 313, 39 N. E. 1067. Technical objections to a pleading should be taken by demurrer or otherwise, and after judgment they will be disregarded, even in an action for fraud. Whittlesey v. Delaney, 73 N. Y. 571; Disbrow v. Harris, 122 N. Y. 362, 25 N. E. 356.

In my view, the judgment was clearly based on fraud, and hence was not discharged by the bankruptcy proceedings. The appellant, therefore, was not entitled to have it discharged of record, and the order refusing so to do should be affirmed.

SCOTT, J., concurs.