## HANAN et al. v. LONG.

(Supreme Court, Appellate Division, Second Department. April 4, 1912.)

1. BANKRUPTCY (§ 426*)—DISCHARGE—EFFECT.

Where complaint for breach of a contract to pay certain sums of money, including certain accounts collected, did not allege any wrongful withholding, other than that contained in a recital that it was agreed that the defendants should act as plaintiffs' agents in collecting the accounts, and have power to pay upon certain debts the cash collected, it did not sound in tort, nor show a breach of duty growing out of a fiduciary relation, so that a judgment upon it for a balance found due was discharged by the debtor's discharge in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 787–807; Dec. Dig. § 426.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. BANKRUPTCY (§ 421*)—DISCHARGE—EFFECT.

The federal court, in granting a discharge in bankruptcy, does not determine what debts fall within that part of the certificate of discharge which excepts such debts as should by law be excepted from the operation of a discharge in bankruptcy, but leave this question to be determined in subsequent actions upon the debts.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 772–774, 776, 777, 779, 786; Dec. Dig. § 421.*]

Appeal from Special Term, Kings County.

Action by Blossie A. Hanan and another, as executrices, etc., of Marcus Hanan, deceased, against Richard W. Long. From an order of the Special Term, directing a judgment against defendant to be canceled of record, Blossie A. Hanan, as surviving executrix, appeals. Affirmed.

See, also, 128 App. Div. 889, 112 N. Y. Supp. 1131.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, CARR, and WOODWARD, JJ.

David Thornton, for appellant.
Walter H. Bond, for respondent.

THOMAS, J. [1] The question is whether a judgment against a debtor discharged in bankruptcy was properly canceled. The judgment entered in 1904 is for the recovery of money, and rests upon a complaint for breach of contract to pay $2,500 in cash, also a sum equal to a sum to the credit of a named company on a fixed date, also the collected net profits of such company, and also the balance of accounts receivable by such company, less outstanding debts. There is no allegation of wrongful withholding, unless it be found in the recital:

"It being also agreed that the defendant should act as agent for the plaintiffs in collecting the said outstanding accounts, with power and authority to the defendant, as plaintiffs' agents, to pay out of any cash on hand as collected such outstanding debts as existed on the 1st day of October, 1902."

It is clear that the pleading does not sound in tort. Matter of Benoit, 124 App. Div. 142, 108 N. Y. Supp. 889, affirmed 194 N. Y. 549, 87 N. E. 1115. The total alleged to have been paid was $4,000, and the amount unpaid was stated at $2,497 and interest.

[2] On August 19, 1907, the defendant filed a petition in bankruptcy, and on November 30, 1907, was granted a discharge from all debts and claims provable against his estate and existing at the date of the petition, "excepting such debts as are by law excepted from the operation of a discharge in bankruptcy." It appears by the schedules in bankruptcy that the judgment was the only indebtedness. The judgment creditors filed objection to the bankrupt's discharge, specifying that they had an unsatisfied claim against him "in an action for fraud and for willful and malicious injury to her property." To this the bankrupt demurred, and the special master sustained the demurrer, saying that:

"Under Bankruptcy Act [Act July 1, 1898, c. 541, 30 Stat. 551 (U. S. Comp. St. 1901, p. 3428)] § 17, a discharge would not be a bar to that judgment, and in consequence of that fact the objecting creditor herein is not such a party

in interest as permits him to file specifications objecting to the discharge of the bankrupt. In re Servis (D. C.) 140 Fed. 222, 15 Am. Bankr. Rep. 271."

And the report was confirmed. If the specification was true, there was no occasion to oppose the discharge, as it did not affect the claim, as such claim is excepted from the discharge. But whether it was true was a matter for determination elsewhere. Such was the practice in Tinker v. Colwell, 193 U. S. 473, 24 Sup. Ct. 505, 48 L. Ed. 754, and such is the rule. In re Marshall Paper Co., 102 Fed. 872, 43 C. C. A. 38. The federal court determined nothing. The occasion for examining the matter has now arisen. The inquiry is whether the judgment roll shows that the judgment is based on a claim not dischargeable in bankruptcy, and so falling within the exception in the certificate of discharge. Matter of Benoit, supra, 124 App. Div. 144, 108 N. Y. Supp. 889; Burnham v. Pidcock, 58 App. Div. 273, 276, 68 N. Y. Supp. 1007. So we turn to the record, and find an agreement alleged in the complaint, a breach of it, not of duty growing out of a fiduciary relation, and it also appears in the present record that there was a trial by jury and a balance found due.

The order should be affirmed, with $10 costs and disbursements. All concur.