BRONX COUNTY TRUST COMPANY, Plaintiff, *v.* FRANK T. CASSIN and FRANCIS CASSIN, Defendants.

Municipal Court of New York, Borough of Bronx, Second District, February 8, 1939.

*Goldwater & Flynn*, for the plaintiff.

*T. Stanley Block*, for the defendant Frank T. Cassin.

DONOGHUE, J.   Defendant Frank T. Cassin applies, pursuant to section 150 of the Debtor and Creditor Law, for the cancellation of a judgment.   Plaintiff's opposition presents a question for the precise and adequate statement of which consideration must be accorded to these circumstances:

On October 10, 1936, defendant and two other persons executed and delivered to plaintiff their promissory note.

On May 29, 1937, defendant filed a voluntary petition in bankruptcy and listed among his liabilities the debt to plaintiff on the note.

On July 15, 1937, plaintiff commenced action in this court against defendant and the two comakers.

On August 16, 1937, plaintiff filed in the bankruptcy proceeding proof of its claims on the note.

On December 28, 1937, defendant was discharged in bankruptcy.

On June 23, 1938, judgment was entered in this court on defendant's default and execution was issued the next day.

Thereupon defendant moved this court to stay that execution and such stay was granted " for a period expiring thirty days after December 28, 1938," a date more than one year after defendant's discharge in bankruptcy and a date when defendant could apply, as he does now, for a cancellation of the judgment.

Plaintiff opposes this application on the same factual showings that it had opposed the stay. In affidavits, with photostat copies of certain documents as exhibits, it is deposed that defendant made a written application for a loan from plaintiff; that the application form contained a question about applicant's then existing indebtedness, and that defendant answered that he was indebted on a certain loan, naming the lender; that plaintiff relied on his answers as truthful and was thereby induced to make the loan; that, in fact, defendant was then indebted beyond the extent he revealed because he was then also owing a balance on another loan from a banking institution other than the one he named. Plaintiff's counsel, in their memorandum, state that they were advised of this additional loan by letter which they, counsel, received in February, 1938, from the institution which had made it. Defendant denies any fraud in the transaction.

Several points are raised on this motion, but all are so resolved as to leave for solution these conflicting contentions; defendant's, that under section 150 of the Debtor and Creditor Law an order must be made canceling the judgment herein because it appears that defendant was discharged in bankruptcy from its payment; plaintiff's, that the court should look beyond the judgment, and, in doing so, find that the loan was obtained by false representations, that the debt, under section 17 of the Bankruptcy Act (U. S. Code, tit. 11, § 35) was, therefore, exempted from the discharge, and that, accordingly, cancellation of the judgment should be refused.

Section 150 of the Debtor and Creditor Law of New York, as far as here pertinent, reads:

" Discharge of bankrupt from judgment. At any time after one year has elapsed since a bankrupt was discharged from his debts * * * the bankrupt * * * may apply * * * to the court * * * for an order, directing the judgment to be cancelled and discharged of record. If it appears upon the hearing that he has been discharged from the payment of that judgment or the debt upon which such judgment was recovered, an order

must be made directing said judgment to be cancelled and discharged of record; and thereupon the clerk  *  *  *  shall cancel and discharge the same."

The court on an application of this nature does not act perfunctorily and it may look beyond the judgment. (*Belsey* v. *Devereaux,* 150 Misc. 337; *Maier* v. *Maier*, 77 id. 145.) Looking beyond the judgment herein there is found a written complaint which sets forth but one cause of action, on a promissory note, reciting nothing beyond the allegations required therefor. Of course, such a debt is dischargeable; likewise a judgment obtained thereon, although the judgment was not entered until after the discharge in bankruptcy. (*West Philadelphia Bank* v. *Gerry*, 106 N. Y. 467; *Ruckeyser* v. *Tostevin*, 188 App. Div. 629.)

However, the question presented by this application is not restricted to the dischargeable nature of the debt, the sequence of discharge in bankruptcy and entry of judgment or the duty of the court to look merely beyond the judgment. The court is here asked to look not only beyond the judgment to the pleadings from which it resulted, but beyond the pleadings and into the circumstances of the transaction between the parties to determine whether the same show that plaintiff has a cause of action distinct from the one sued upon and exempt from discharge in bankruptcy, as here, the alleged fraud.

No case has been found which went to that extent. In *Maier* v. *Maier* (*supra*) the court looked behind the judgment " in order to discover  *  *  *  the character of the liability for which it was recovered," and found that it was for alimony from which a discharge in bankruptcy was no release. Thus the court did not look beyond the pleadings. In *Belsey* v. *Devereaux* (*supra*) the court said it was not acting perfunctorily on an application to cancel a judgment and that it may investigate the facts *which form the basis of the judgment.* The opinion written in 1884 by the judge of the City Court in *Kaufman* v. *Lindner* (67 How. Pr. 322), the remaining case cited by plaintiff's counsel, goes farthest in their desired direction, reading, " the Court can, for the purposes of the bankruptcy statute, go behind the judgment, to see whether the claim upon which it was recovered was created by fraud," whereupon three cases are cited from Benedict's Reports. Two of these cases are not discoverable in the volumes cited while the one which is found in the volume cited therefor is at a page far from the one given in the citation and holds to no such end as suggested in the opinion. Lest " Benedict's Reports " not be immediately identified, it is advised that they were reports of cases argued in the District Courts of the United States within the Second Circuit

during the seventh decade of the nineteenth century. Examining this City Court opinion further, it appears that even there the court did not look beyond the filed papers, the court saying, " the affidavits, upon which the order of arrest was granted, disclose a claim incurred by the false representations of the bankrupt, which was not discharged by the proceedings in bankruptcy."

This 1884 case in the City Court is not found cited in any case reported during the ensuing fifty-four years. But in that interval the question has been presented in *Matter of Benoit* (124 App. Div. 142), where the Appellate Division, First Department, reversed Special Term's denial of a motion to cancel a judgment, the opinion of INGRAHAM, J., reading in part (italics mine), " section 17 of the Bankruptcy Law provides that a discharge  *  *  *  shall release a bankrupt from all of his provable debts except such as ' (2) are judgments in actions for frauds, or obtaining property by false pretenses or false representations.  *  *  * '  To bring this case within the exception, therefore, it must appear that this judgment *was recovered in an action for fraud*," and thereafter is this statement: " It is true that the fact that the judgment does not show that the action was to recover for a fraud is not conclusive, but the record must show that the action was for one of the causes specified in section 17 of the Bankruptcy Law to bring it within the exception. *That fact must appear somewhere in the record.*" To same effect in *Hanan* v. *Long* (150 App. Div. 327).

The weight of authority, and considerations of practicability too, favor the conclusion that the character of the claim here should be determined by the pleadings and the judgment and that this court should not attempt upon this application to determine whether the transactions between the parties effected a claim of a nature different from that of the cause of action which resulted in the judgment now sought to be canceled.

Accordingly, the motion is granted in so far as respects entry of the judgment as against defendant Frank T. Cassin.

Settle order.