Robert E. Fischer, J.
Plaintiff moves for an order directing payment to her of moneys accrued by the ISS Sales Corp., defendant in the second action. That company is the employer of Emerson E. Wilson, who with his wife, Reva Wilson, is a *324 defendant in the first action. The funds result in part from an income execution had after a default judgment was taken against defendants in this court on July 12, 1967.
Defendants Wilson cross-move to cancel and discharge the judgment and vacate the supplementary levies premised upon an order of the U. S. District Court discharging their debts under subdivision (a) of section 17 of the Bankruptcy Law (U. S. Code, tit. 11, § 35, subd. [a]). That section provides, so far as applicable here: “ A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as * * * are liabilities for obtaining money or property by false pretenses or false representations ”.
From the various affidavits and documents presented on this motion it is apparent that the ultimate issue upon which the relief requested depends is whether the judgment had its foundation in fraud. Allegations of fraud were presented to the Referee in the bankruptcy proceeding, but he declined to exercise jurisdiction to decide that issue to permit the judgment creditor to “ pursue the state judgment execution procedures ” as now undertaken. It has been stated as the general rule that in such instance ‘1 The inquiry is whether the judgment roll shows that the judgment is based on a claim not dischargeable in bankruptcy and so falling within the exception in the certificate of discharge.” (Hanan v. Long, 150 App. Div. 327, 328.)
Reference to the judgment roll discloses that the proceeding was initiated by a summons and notice personally served on defendants Wilson on June 7, 1967, advising that judgment for a specific sum would be taken upon their failure to appear or answer as permitted by CPLR 305 (subd. [b]). The filing of the judgment with the clerk was supported by a rather broad and unrevealing affidavit of counsel (although the authorizing statute specifically requires “ affidavit made by the party”) that the action was for “ the recovery of money loaned ” and that defendants failed to appear in the action (CPLR 3215, subd. [e]). Thus, the judgment roll does not disclose whether the obligation which was the subject of the judgment had its inception in fraud, since the defendants failed to appear and demand the complaint which would have required that particulars of the claim be pleaded and plaintiff’s theory of recovery formally disclosed.
The judgment debtors cite a number of decisions in support of their argument that if the judgment roll does not clearly exhibit that the cause of action upon which the judgment was premised had its foundation in fraud, its viability is destroyed *325 by a subsequent bankruptcy decree. We must agree that such is, quite properly, the result of those situations where the judgment debtor had appeared in the action and there was a specific pleading and definition of the issues upon which judgment was had.
Thus, in Burnham v. Pidcock (58 App. Div. 273) the foreign judgment upon which the action was premised disclosed that the trial issues concerned conversion of goods as distinguished from positive fraud; and in Matter of Benoit (124 App. Div. 142, affd. 194 N. Y. 549), and Stevens v. Meyers (72 App. Div. 128) there were appearances by the defendants, detailed pleadings, and finally a consent judgment. Similarly, in Hanan v. Long (150 App. Div. 327, supra) the judgment resulted from the trial of a simple contract issue which had been framed by the pleadings exchanged by the parties. Again, in Tompkins v. Williams (137 App. Div. 521, affd. 206 N. Y. 744), the pleadings and charge of the court at the trial which resulted in the judgment permitted two alternative grounds of recovery, neither of which would exclude that judgment from the operation of the bankruptcy discharge. In both Multiple Trading Corp. v. Saggese (178 Misc. 1077) and Bronx County Trust Co. v. Cassin (170 Misc. 962) the defendants had defaulted after service upon them of complaints confined to nonfraud causes of action that gave rise to the judgments. However, as we have noted, the judgment here resulted from defendants ’ default without notice of or demand for any specification of the plaintiff’s cause.
Nor can we find any limitation of the theory upon which the default judgment may have been founded from the statutes which authorized it.
Prior to the enactment of the Civil Practice Law and Rules under which this judgment was taken, a default judgment could not have been had by service of a summons and notice alone where the gravamen of the action was in fraud (Rules Civ. Prac., rule 46; Seeley v. Greene, 139 Misc. 90); nor could judgment have been taken in any event without the filing of a complaint with the judgment to which reference could be had to determine the nature of the action (Civ. Prac. Act, § 487; Juskowitz v. Stern, 158 Misc. 28; Leroy Arnold, Inc. v. Mackey, 129 Misc. 643; see Fifteenth Annual Report of N. Y. Judicial Council, 1949, pp. 304-306).
The nature of the problems that now arise, where the procedures on default judgment after notice no longer require specification of the cause, was prophetically stated: ‘ ‘ Since service of a summons with notice is no longer restricted to a single type, of action, cases holding that use of a notice prevents reliance *326 on a theory other than contract are no longer reliable. Theoretically, some interesting res judicata problems may arise if plaintiff had more than one cause of action against the defendant.” (1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 305.10.)
We conclude that where the record discloses that the judgment creditor has proceeded on a theory of recovery other than those causes of action excepted from the Bankruptcy Act, the resultant judgment should be cancelled, for the debtor could well have relied on the pleadings with which he was served in defaulting in his appearance or pleading and permitting judgment to be taken against him. But where the creditor proceeds simply by service of notice of the amount sought in the proceeding as so often occurs in contemporary practice, and the failure of the debtor to appear and demand a complaint permits the creditor to take judgment without specifying the theory of his recovery and details of his claim, we do not believe that the judgment creditor should, without more, be precluded by a bankruptcy adjudication from otherwise pursuing his claim, if timely action is taken to protect his interests.
It has been stated on oral argument that the moneys that were the subject of this judgment were the residue of an inheritance upon which the elderly plaintiff depended for her future years. She has apparently proceeded in good faith in the most expeditious manner permitted by law in an attempt to take judgment against the defendants and to enforce that judgment. We believe that when the statutes permit the entry of default judgment without demand for or disclosure of the gravamen of the action upon which it is founded, although such option is available to defendants, it cannot be said that the plaintiff has misled the defendants by her legal conduct or committed herself to any cause inconsistent with her present plea that the loan had its inception in fraud.
How then should the issue of fraud now posed by the bankruptcy statutes be decided. Authority is afforded to permit vacatur of a judgment for “ excusable neglect ” on the part of either party when timely made (CPLR 5015, subd. [a]); but we need not depend on that authority here in view of the traditional power of a court to open its own judgments in the furtherance of justice (Ladd v. Stevenson, 112 N. Y. 325). The judgment creditor asserts that the facts supporting her claim were sufficient to plead and prove the fraud necessary to exclude the judgment from the operation of the subsequent bankruptcy. If the default judgment, which is without sufficient definition to have meaning in the present context, was opened, each of the *327 parties would then have the opportunity to define and try these issues in the traditional manner.
We find, therefore, that in the furtherance of justice the-judgment creditor may, if she is so advised, vacate the judgment of July 12, 1967, on the following conditions:
1. That she submit and serve with the proposed order a verified complaint setting forth the alleged fraud.
2. The levies supplementary to the default judgment shall be vacated simultaneously with the vacatur of the judgment.
3. Upon completion of the pleadings and with the filing of the note of issue, the clerk may be directed at the option of either party to place the cause on the calendar for trial in the order in which it would have been reached had issue been had on July 12,1967, the date of the judgment.
The relief otherwise requested is denied.