David O. Boehm, J.
Petitioners were adjudicated bankrupt on petitions filed by them October 17, 1966 and were discharged in bankruptcy on March 17, 1967. As appears from copies of the schedules of unsecured claims (Schedule A-3), an obligation due respondent, Sibley, Lindsay & Ourr Company, w,as included among those owing to other unsecured creditors.
More than a year having elapsed since the discharge in bankruptcy, the judgment would normally be subject to being discharged of record in the docket of judgments in the Monroe County clerk’s office, pursuant to section 150' of the Debtor and Creditor Law. However, Sibley, Lindsay & Curr Company, the respondent, objects to the discharge on the ground that the judgment arose out of the purchase of certain items of clothing by petitioners between September 12, 1966 and October 1, 1966 totaling $1,028.43, and that such purchases were made within a period of approximately two weeks before the filing of the petition in bankruptcy.
*837 It further appears that petitioners filled out a credit form for the respondent one and one-half months prior to filing a petition in bankruptcy. This credit application, the respondent argues, constituted a false statement in writing respecting petitioners ’ financial condition. This, together with the purchases so close in time to the filing of the petition in bankruptcy, was done with the obvious intention of defrauding it, the respondent claims, and because of the fraud, the judgment is not dis-chargeable.
Respondent supports its position by reference to section 17 of the Bankruptcy Act (U. S. Code, tit. 11, § 35, subd. [a], par. [2]): “ A discharge in bankruptcy shall release a bankrupt from all of his provable debts * * * except such as * * * are liabilities for obtaining * * * money or property on credit * * * in reliance upon a materially false statement in writing respecting his financial condition made or published or caused to be made or published in any manner whatsoever with intent to deceive ’ ’.
An examination of the record discloses that three days after the petition in bankruptcy was filed, an action for the value of the merchandise sold was commenced by respondent against the petitioners by the service of a summons and complaint, dated October 20, 1966. A motion was then brought by petitioners in the United States District Court for the Western District of New York, where the bankruptcy proceeding was pending, for an order restraining respondent from taking any further steps in the action. The motion was denied by decision and order dated December 27, 1966 with the provision that respondent be restrained, pending the bankruptcy proceedings, from collecting upon any judgment which might be obtained against the petitioners.
On January 20, 1967 respondent obtained an order in this court for a summary judgment against the petitioners and judgment was entered January 24, 1967 in the Monroe County Clerk’s office for the sum of $1,287.70.
It does not appear from the record that an application was ever made by respondent to amend its complaint to allege fraud or to include allegations upon which an action in fraud could be based or deduced. Instead, the respondent now seeks a full hearing upon the issue of whether or not the acts of the petitioners prior to and at the time of purchasing the merchandise fall within the type of conduct which would constitute false pretenses or false representations, therefore rendering the judgment not dischargeable.
*838 Although respondent did not object to the petitioners’ discharge in bankruptcy, this does not bar it from raising this objection at this time. (Beneficial Fin. Co. v. Meyers, 33 Misc 2d 69.)
The discharge of the debt in bankruptcy would not in any event be binding upon the court, for there remains with it always the independent duty of determining whether one of its judgments should be canceled and discharged. (Multiple Trading Corp. v. Saggese, 178 Misc. 1077; Bronx County Trust Co. v. Cassin, 170 Misc. 962; Belsey v. Devereaux, 150 Misc. 337, affd. 242 App. Div. 603.)
The respondent’s position would have greater force if its action against petitioners was still pending or, indeed, if it had not begun. In either case the court could and would look behind the face of the claim and examine into the facts preceding it. (First Nat. Bank v. Haymes, 49 Misc 2d 939 and authorities cited therein, particularly at pp. 944, 945.)
In Personal Fin. Corp. of Waterbury v. Robinson (27 N. Y. S. 2d 6, 8-9) the court observed: “In cases where the claim has not been reduced to judgment the allegations contained in the pleadings are not conclusive. As was said in Brown v. Garey, 267 N. Y. 167, at page 169, * * * ‘ The court must examine the circumstances of each particular case and say whether it finds among them the elements which the law has come to accept as badges of willfulness and legal malice.’ ”
But where a judgment already exists, the court to which the application is addressed is bound by the judgment and may not go behind it. It may and should go beyond the pleadings and look into the entire record to ascertain the facts upon which the judgment was predicated. However, it may not pierce the record to inquire into facts existing outside of it. (Matter of Benoit, 124 App. Div. 142; Bronx County Trust Co. v. Cassin, 170 Misc. 962, supra.)
The complaint in the action here is essentially for goods sold and delivered. There is nothing in the complaint or in the record setting forth the kind of tainted acts which would prevent a discharge. As pointed out in Multiple Trading Corp. v. Saggese (178 Misc. 1077, 1078-1079, supra), with respect to a judgment based on the guarantee of a bond: ‘ ‘ There is nothing in its form or substance which identifies it with any act which may prevent a discharge in bankruptcy. The plaintiff, however, points to certain collateral actions and proceedings from which the court is urged to determine that the defendant * * * alone or in association with others, committed frauds upon the plaintiff. To do so would require an examination *839 into facts and circumstances affecting actions and judgments relating to various transactions in which the parties apparently were engaged. The court cannot undertake such a review. The inquiry must he restricted to the record of the action under challenge.”
The case of Matter of Macedonia v. Fontanelli (9 A D 2d 928) in no way affects or changes this well-settled rule, for there the complaint specifically alleged that the defendant, an attorney, misappropriated funds entrusted to him contrary "to his fiduciary obligations. The Second Department referred particularly to the record which, it pointed out (p. 929): ‘ ‘ makes manifest the conclusion that respondent’s liability was based on tortious acts not dichargeahle by the bankruptcy proceedings.”
The inquiry this court is limited to is whether or not the judgment roll reveals that fraud was the “ gist and gravamen ” of the action. This the record does not do. Were a judgment not already obtained, the decision of the court might he otherwise. However, in spite of the apparent dubiousness of the ethics involved, the questionable propriety of buying so much clothing within a few weeks before filing the petition in bankruptcy, this court, without more, cannot make a legally appropriate deduction which is not justified by the record. Whether the respondent may properly bring a separate action in tort for damages arising out of its claim of fraud, is a question to be resolved, if at all, in another proceeding and in a totally separate setting. Suffice it to say that it is not visible within the limits of the area the court is now permitted to look that the judgment sub judice is tainted by anything coming within section 17 of the Bankruptcy Act.
The judgment is therefore dischargeable and petitioners’ application is granted.