CHARLES MEYERS, as Committee of the Estate of EDWARD CRAWFORD, an Incompetent Person, Appellant, *v.* THE NEW YORK COUNTY NATIONAL BANK, Respondent.

*Banker's lien — appropriation, in payment of a loan, of money in the account of the debtor — money in such account, belonging to a lunatic's estate, cannot be recovered from the bank.*

A bank which, upon the failure of a debtor to pay loans called by it, appropriates the balance of an account standing upon its books in the individual name of the debtor, without knowledge that moneys belonging to a lunatic, of whose estate the debtor was the committee, had been deposited in such account, is not liable to a substituted committee of the lunatic for that portion of the account which represented funds of the lunatic's estate.

The right of a bank to enforce its lien upon funds on deposit with it, considered.

APPEAL by the plaintiff, Charles Meyers, as committee of the estate of Edward Crawford, an incompetent person, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 18th day of February, 1897, upon the decision of the court rendered after a trial at the New York Trial Term before the court without a jury.

*Richard M. Henry* [*John W. Weed* with him on the brief], for the appellant.

*John M. Bowers* [*L. G. Reed* with him on the brief], for the respondent.

CULLEN, J.:

John McLellan kept a deposit account with the defendant. He was appointed committee of the estate of Edward Crawford, an incompetent person. While such committee he received moneys belonging to the estate of his ward and deposited them in his personal bank account. During this period the defendant made two loans to McLellan of $2,500 each, payable on demand. On April 19, 1892, there was to the credit of McLellan's account in the bank the sum of $393.81, of which $381.73 were the funds of the estate of his ward. On this day the defendant called the two loans of McLellan and, on his failure to make payment, appropriated his whole deposit account toward the satisfaction of the notes. There was nothing in the character of the funds of the estate which were deposited in McLellan's account to give the bank any notice that they were other than McLellan's personal moneys, and at the time of closing the bank account and of the appropriation of the balance, the defendant had no knowledge of the rights or equities of the estate of the incompetent. Subsequently this present plaintiff was substituted as the committee of the incompetent, and he brought this action to recover that portion of McLellan's account which represented the funds of the estate.

The learned counsel for the appellant concedes the doctrine that money has no earmarks, and that if McLellan had paid to the bank on account of his debt to it the deposit balance remaining to his credit, that balance, though it consisted of the moneys of the estate misappropriated by McLellan, could not be recovered from the bank. (*Justh* v. *Nat'l Bank of the Commonwealth*, 56 N. Y. 478; *Stephens* v. *Board of Education*, 79 id. 183; *Hatch* v. *National Bank*, 147 id. 184.) He contends, however, that this rule does not control the disposition of the present case, because McLellan did not pay over the moneys to the defendant, but the defendant appropriated them without any affirmative action on McLellan's part. I think the difference of fact on which the learned counsel for the

appellant relies, creates no difference in the principle applicable to the case. It is unnecessary to consider whether moneys of a third party, misappropriated by a depositor and placed in his personal account, could be seized on an attachment or otherwise by an ordinary creditor of the depositor. The question here presented is different. True, McLellan gave the defendant at the time no authority to appropriate the deposit account to the payment of the notes, but he had previously given such authority.

The existence of what is called a banker's lien is well recognized in commercial circles and by the law. "The rule may be broadly stated, that the bank has a general lien on all moneys and funds of a depositor in its possession for the balance of the general account" (Morse Banks, § 324), though the lien is only for accounts that are at the time due and payable. (*Jordan* v. *National Shoe & Leather Bank*, 74 N. Y. 467.) "Ordinarily that (the lien) attaches in favor of the bank upon the securities and moneys of the customer deposited in the usual course of business, for advances which are supposed to be made upon their credit. It attaches to such securities and funds, not only against the depositor, but against the unknown equities of all others in interest, unless modified or waived by some agreement, express or implied, or by conduct inconsistent with its assertion." (*National Bank* v. *Insurance Co.*, 104 U. S. 54.) Such being the law and commercial usage, when a depositor opens an account in a bank that very act, in the absence of an agreement to the contrary, authorizes the appropriation of his deposit balance to any matured claims the bank may hold against him, the same as if he then executed an agreement in writing to that effect.

This being so, we do not see how the present case can be distinguished in principle from that of *Hatch* v. *National Bank* (*supra*). In the *Hatch* case the bank held the deposit under a contract which authorized it to appropriate the deposit to the payment of all obligations and liabilities held by it, whether the liabilities were due or otherwise. It was held that, when the bank appropriated the depositor's balance to its claims, "it acted with the written consent and authority of the firm, as completely effectual and operative as if the debtors on that day had personally directed the application to be made." While the agreement in the *Hatch* case gave the defendant

greater rights than an ordinary banker's lien, that fact has no bearing on the doctrine just quoted ; that a previous authority to the bank to appropriate funds to the payment of a debt is the same in effect as an express direction given at the time of the appropriation. We do not mean to say that if the defendant, before action taken by it, had known of the equities of the estate now represented by the plaintiff, it could have appropriated the moneys in McLellan's account to the satisfaction of his personal debt. But we do hold that the appropriation by the bank of such balance, without knowledge of the equities of third parties, stands on the same footing as a payment to it of that balance by the check of the depositor, and cannot be recovered.

The judgment appealed from should be affirmed, with costs.

All concurred.

Judgment affirmed, with costs.