(101 App. Div. 299)

### SUTHERLAND v. ST. LAWRENCE COUNTY.

(Supreme Court, Appellate Division, Third Department. January 4, 1905.)

1. BAIL—POWERS OF COMMITTING MAGISTRATE.
    Under Code Cr. Proc. § 192, providing that if the proceedings be adjourned the magistrate must commit defendant for examination, or discharge him from custody upon his giving bail or depositing money to appear during the examination, a committing magistrate may, before the examination, and until defendant is held to answer to the grand jury, accept bail, or a deposit of money in lieu thereof, although the crime charged be punishable by imprisonment exceeding five years; and section 557, prohibiting a magistrate from admitting to bail where the crime is punishable by imprisonment exceeding five years, relates to the admission to bail after a prisoner has been held to answer to the grand jury.

2. WILLS—LEGACIES FOR SUPPORT—EXTENT OF BENEFICIARY'S TITLE.
    Where the legatee's rights in the principal of his legacy are confined to the use of the same for necessary support and maintenance, he has no such title to the principal of the legacy as to authorize him to deposit it in lieu of bail, under Code Cr. Proc. § 586, as security for his appearance before a committing magistrate.

3. BAIL—DEPOSIT OF STOLEN MONEY—RIGHT TO RECOVER BACK.
    The fact that a deposit of currency in lieu of bail, made under Code Cr. Proc. § 586, was made with money belonging to the estate of which the depositor was executor, and did not belong to him, did not entitle the estate to recover the money back after the failure of the executor to appear before the magistrate in accordance with the terms of the deposit, in the absence of an identification of the particular money misap-

propriated by the executor, or of proof that the sheriff or treasurer with whom the money was deposited knew or had notice that the executor was depositing moneys ·which did not actually belong to him.

Appeal from Trial Term, St. Lawrence County.

Action by William Sutherland, as administrator of Clara Loraine Richardson, deceased, against St. Lawrence county. From a judgment (85 N. Y. Supp. 696) for plaintiff, defendant appeals. Reversed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Ledyard P. Hale, for appellant.
Abbott & Dolan, for respondent.

HOUGHTON, J. The action is to recover money deposited by one Richardson in lieu of bail, on an adjournment of an examination before a committing magistrate on a criminal charge against him of arson in the second degree. Richardson had been duly arrested and arraigned, and on his request an adjournment of his examination was had. The magistrate fixed the amount of his bail pending the adjournment at $1,000, and on his failure to give it he was committed to the jail of St. Lawrence county. While thus confined he notified the sheriff that he desired to deposit the money in lieu of bail. This was done, and the county treasurer notified of the fact; and he issued his certificate that such deposit had been made to the credit of the county, whereupon the sheriff released the prisoner from custody. Prior to the adjourned day the money was transferred by the county treasurer to another bank and to the county's special fund account. On the adjourned day Richardson failed to appear, and his bail was declared forfeited. Richardson was a legatee under, and executor of, the will of his deceased wife. Because of his absconding, his letters testamentary were revoked; and the plaintiff was appointed administrator with the will annexed of said estate, and seeks to recover the moneys so deposited, on the ground that they were a part of the moneys of the estate collected by Richardson while in jail. The only question submitted to the jury was whether the money deposited belonged to Richardson, or whether it was a part of the estate, and their verdict was that it was a part of the funds of the estate.

The defendant's motion for a nonsuit was reserved until the coming in of the verdict, and the learned trial judge seems to have denied it particularly upon the ground that the magistrate had no authority pending an adjournment to fix the amount of, or admit Richardson to, bail, because the crime with which he was charged was punishable by imprisonment for a longer term than five years. We do not think the judgment can be sustained on this ground. Section 557 of the Code of Criminal Procedure, which prohibits a magistrate from admitting to bail where the crime charged is punishable by imprisonment exceeding five years, relates to the admission to bail after a prisoner has been held to answer to the grand jury. By that section, if the crime charged is a misdemeanor, or one punishable with imprisonment not exceeding five years, the committing magistrate may admit the prisoner to bail. If the crime is one punishable by a longer term of imprisonment, the admission to bail under such circumstances must be made by a judge

of a higher court. Pending an examination, however, and on any adjournment of the same, unless the crime charged be a nonbailable one, we think the magistrate has power to admit to bail, notwithstanding the fact that the crime may be punishable by a longer term of imprisonment than five years. Chapter 7 of the Code of Criminal Procedure relates to the examination by a committing magistrate of a criminal charge. By the various sections of that chapter it is provided that the magistrate must inform the defendant of the charge against him, and of his rights thereunder, one of which is to be allowed a reasonable time to procure counsel, and the magistrate is commanded to adjourn the examination for that purpose. The period of various adjournments is restricted, except upon the consent or motion of the defendant; and section 192 provides that:

"If an adjournment be had for any cause, the magistrate must commit the defendant for examination, or discharge him from custody upon his giving bail to appear during the examination, or upon the deposit of money as provided in this Code, to make sure of his appearance at the time to which the examination is adjourned."

The vast majority of crimes are bailable, either as matter of right or as matter of discretion; and, pending an examination for the purpose of ascertaining whether or not the person charged has probably committed a crime and should be held to the grand jury, we think it was the intention of the Legislature to permit the magistrate to admit to bail. Magistrates remote from a justice of the Supreme Court or a judge of the County Court might issue warrants and hold examinations; and, if the magistrate had no power to admit to bail pending an adjournment taken for the purpose of permitting the defendant to procure counsel, it might result in an innocent person being incarcerated pending his examination. The law is careful to guard the rights of individuals charged with crime, and especially before it is shown by proof that the charge is probably true. Before there has been an investigation, this cannot be ascertained.

We think that, under section 192 of the Code of Criminal Procedure, whether the crime charged be punishable by imprisonment exceeding five years or not, on an adjournment during the examination, if the crime be bailable, the magistrate has the right to accept bail, or a deposit of money in lieu thereof. After the examination shall have been had, and the defendant held to answer to the grand jury, the magistrate's power to admit to bail is governed by the provisions of section 557.

Nor do we think, as urged by the appellant, that Richardson, as legatee under the will of his wife, had such title to the money as made it his own, and gave him the right to buy his liberty with it. The provisions of the will are very broad with respect to his use of the money —principal as well as interest—for his necessary support and maintenance. The right was undoubtedly given him to exhaust the estate by expenditures for that purpose, but the whole scheme of the will confines his right to such expenditures, and it fails to give him absolute title.

But notwithstanding this, we think the defendant can retain the money, and that the judgment in favor of the plaintiff for its recovery

is wrong, and must be reversed. The deposit was made in currency. There is no pretense of identifying the particular money; the only alleged ground of recovery being that Richardson, who paid it over, was not its legal owner. Nor is there any sufficient proof that the sheriff of the county knew that Richardson was depositing money which did not actually belong to him. There was some effort to prove that the sheriff was aware of some circumstances respecting the money and its source, but the question of notice was not submitted to the jury or passed upon by them; and, in the absence of such submission or finding, we conclude, even if notice to the sheriff was notice to the county, which we do not now decide, that the evidence was insufficient to establish notice even to him. There is no proof that the county treasurer had any knowledge whatever. Richardson was in custody pursuant to a lawful mandate. The amount of his bail had been legally fixed. If he had procured sureties to a recognizance, the contract between the county and the sureties would have been that Richardson would appear before the magistrate upon the adjourned day, and at such further times as he should be lawfully directed, or, in default, that they would pay the county the amount of the undertaking. Thus there would have been between the sureties and the county a contract with good consideration; and, upon the defendant's failure to appear, they would have become absolute debtors for the amount of the undertaking. People v. Anabal, 7 Hill, 33. Section 586 of the Code of Criminal Procedure gave Richardson the right, instead of giving bail in the form of an undertaking with sureties, to deposit with the county treasurer a sum of money equal to the amount of his bail. The act of deposit was upon the same consideration and subject to the same conditions as the giving of a written undertaking. If the money had actually belonged to Richardson, there could be no dispute but what the effect of the deposit would have been to create a contract between him and the county that, in consideration of his release from custody, he agreed that, in case he failed to appear on the adjourned day and such other times during the examination as he might be lawfully directed, the title to the money would be forfeited by him and pass to the county. And this would be the effect if the money had been deposited by a third person, and the deposit would even be subject to application to the payment of any fine imposed on conviction. People ex rel. Gilbert v. Laidlaw, 102 N. Y. 588, 7 N. E. 910. Thus, Richardson entered into a valid contract with the county, upon good consideration as between it and him, and paid over the money upon the agreement that the defendant should retain it unless he performed the condition of appearing before the magistrate. He broke that condition before any of the officers of the defendant knew of the source from which the money came, and the contract thus became executed and final. Under such circumstances, the true owner could not recover the money paid, even if it had been stolen, for possession of money vests the title in the holder, as to third persons dealing with him, and receiving it in due course of business, and in good faith, upon a consideration good as between the parties. Stephens v. Board of Education, 79 N. Y. 183, 35 Am. Rep. 511; Hatch v. National Bank, 147 N. Y. 184, 41 N. E. 403; Meyers v. New York County National Bank, 36

App. Div. 482, 55 N. Y. Supp. 504. This rule has grown up from the necessity of giving security and certainty to business transactions, for money has no earmarks by which it may be distinguished, and its source of title cannot be traced as can that of a chattel or chose in action. The transaction of depositing the money in lieu of bail meets all the requirements of the rule. The consideration was good as between Richardson and the county, and therefore it was good as to all the world. What was done was in due course of business, as prescribed by law, and in good faith. The rule invoked is not antagonistic to that salutary one that money may be recovered by the true owner where it remains on deposit with a bank or a corporation or an individual, or where it is traced to a corporation or individual with notice, actual or constructive, of the infirmity of title. That may always be done, whether the money can be identified or not, and it may be impressed with the trust unless it has passed upon good consideration in a transaction conducted in good faith. I. & T. N. Bank v. Peters, 123 N. Y. 372, 25 N. E. 319.

While, in our view of the law, it is unimportant, yet it can be hardly said that the money was stolen money. Intent is a necessary element of larceny. The language of the will is ambiguous, and Richardson may have believed that the moneys were his to do with as he pleased, or he may have had no intent of forfeiting them to the county when he made his deposit.

Moneys deposited in lieu of bail are to be treated as if they had been recovered on a recognizance. County of Rock Island v. County of Mercer, 24 Ill. 35. See Code Cr. Proc. § 596. If Richardson had given an undertaking with sureties, and had paid with funds of the estate a judgment against them taken because of his nonappearance, it could hardly be said that the estate could recover the money back upon simply showing that the currency with which the satisfaction of the judgment was procured was part of the funds of the estate. So, too, if Richardson had made an unauthorized purchase with funds of the estate, the moneys could not be recovered from the innocent vendor. It would be necessary for the estate to go further and show notice or bad faith. The same rule applies to the moneys herein sought to be recovered.

The judgment must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.