## SUTTER v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department.   June 29, 1905.)

JUDGMENT—VACATION.

> Where counsel for defendant in several cases announced that he was ready when they were called, it having been arranged that they should be tried before the same justice, and when the justice, at the conclusion of the first case, announced that he would decide in favor of plaintiff, defendant's counsel moved for a postponement of the other cases, and refused to proceed, whereupon an inquest was taken in each case, there was no ground for setting aside the judgment rendered in favor of plaintiff.

Appeal from Special Term, Queens County.

Action by Charles Sutter against the city of New York. From an order setting aside a judgment in favor of defendant, plaintiff appeals.   Reversed.

See 85 N. Y. Supp. 989.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, RICH, and MILLER, JJ.

Charles Coleman Miller, for appellant.

James D. Bell (R. B. Greenwood, on the brief), for respondent.

MILLER, J.   Nine so-called "water cases," including the case at bar, were placed on the day calendar for trial at Special Term, and when called were announced to be "ready" by both sides, pursuant to an arrangement between the attorneys to try all the cases before the same justice.   At the conclusion of the evidence in the first case the justice presiding announced that upon the authority of a case recently decided by this court he would decide in favor of the plaintiff, and reserve the question of damages for further consideration; whereupon counsel for the defendant moved for a postponement of the other eight cases on the ground that the ruling of the court denied his client its day in court, and that its interests would be prejudiced by a trial of said causes before said justice. Upon a denial of this motion, though concededly prepared for trial, he refused to proceed, and permitted inquests to be taken in each case.   The plaintiff now appeals from an order granted at Special Term vacating the judgment so rendered, and it is stipulated that the appeals from similar orders in the other seven cases shall abide the event of this.

Said counsel appeared for the defendant on the motion resulting in the order appealed from, and by affidavit sought to justify his conduct, and the brief submitted by the defendant on this appeal is an attempted justification, instead of an apology.   It is to be noted that these judgments were not taken by default, in which case the courts strive to relieve a party from the consequences of

his attorney's neglect. But where a party is actually represented by counsel in court, fully prepared to try the cause, and such counsel refuses to proceed for the sole reason that he thinks the justice presiding may decide against him, the judgment thus rendered cannot be vacated as though taken by default, and no reason can be suggested for disturbing it which could not be urged with equal force to vacate a judgment alleged to have resulted from the incompetence of the attorney conducting the trial. It was urged upon the oral argument that the rights of the defendant should not be prejudiced by the conduct of its counsel. The defendant has not been denied its day in court. Through its counsel it chose not to avail itself of the right to be heard, for reasons which do not commend themselves to us; and, as no other ground was presented for vacating the judgment, the order should be reversed, with $10 costs and disbursements. All concur.