### MIXER v. ADAM, Mayor, et al.

(Supreme Court, Special Term, Erie County. January, 1911.)

1. JUDGMENT (§ 135*)—MOTION TO SET ASIDE—NATURE OF REMEDY—APPEAL.
    A preliminary injunction having been vacated, and an appeal taken which stayed all the defendants except the G. corporation, the case was moved on the day calendar by the corporation, and, when reached for trial, plaintiff's attorney appeared and applied for postponement on the ground that the stay applied to all of the defendants. The postponement was denied, and the attorney left the courtroom, and, when the case was called, a default judgment of dismissal was taken by the corporation defendant. *Held*, that a motion to vacate the default judgment was not proper, as the question whether the stay applied to the corporation defendant was one of law, reviewable only on appeal.
    [Ed. Note.—For other cases, see Judgment, Dec. Dig. § 135.*]

2. JUDGMENT (§ 135*)—VACATION—NATURE OF REMEDY.
    Further grounds for such motion to vacate that the presiding justice should not try the case because he had expressed an opinion on the merits, and because counsel who applied for the postponement had an engagement in another cause at the time set for trial were matters of discretion reviewable only by the judge who entered the dismissal or on appeal, and hence were not available on motion to vacate directed to another justice.
    [Ed. Note.—For other cases, see Judgment, Dec. Dig. § 135.*]

Action by Knowlton Mixer against James N. Adam, as mayor, and others. Motion by plaintiff to open a default judgment of dismissal. Motion denied.

See, also, 124 N. Y. Supp. 1122.

Charles J. Staples, for plaintiff.
Simon Fleischmann, for defendant German Rock Asphalt & Cement Company.

LAMBERT, J. This is a taxpayers' action to procure a judgment decreeing a paving contract void, and to restrain the defendant city from paying to the defendant, the German Rock Asphalt Company, Limited, any money on account of having done and completed the work of paving under the contract mentioned.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

A preliminary injunction was granted upon the application of the plaintiff by Mr. Justice Wheeler. The defendants moved upon affidavits, at Special Term, for its vacation. The motion was heard before Mr. Justice White, and he vacated the order of injunction. An appeal was taken from the order thus entered to the Appellate Division. Mr. Justice Hooker granted a stay in this language:

"Do hereby order and direct that all further proceedings herein be and the same are, and each and every of them is, hereby stayed until the hearing and decision of the said appeal."

And further stayed all the defendants, except the German R. A. Co., Limited, from taking further action, except to answer, etc., and at the time the default was taken the appeal was pending, and the stay granted was in force. The case was moved onto the day calendar of the Equity Term held by Mr. Justice White on the 4th day of October, 1909, by the attorney for the asphalt company. The case was reached for trial during the forenoon of October 6th, and the plaintiff's counsel was notified of the situation, and he appeared and read an affidavit upon an application to either put the case over the term, or that it be sent to be heard before some justice other than Justice White, then sitting, upon the ground that Justice White had passed upon the merits of the case in the decision made and opinion written upon the motion to vacate the injunction order. This disposition of the case was opposed by the attorney for the asphalt company, and the court denied the motion. Counsel for the plaintiff thereupon made application to have the case held temporarily, to enable him to argue a case in the Appellate Division which was expected to be reached during the afternoon of that day, and stated that it was necessary, in order to be present and argue the case when reached, that he leave on the 1 o'clock train for Rochester. The trial court denied the application, remarking that this case would be reached and the trial in progress before the Appellate Division convened for the day, and that such engagement would be ample to secure a delay in the argument of the case in that court until after the conclusion of the trial. The plaintiff's counsel then brought to the attention of the court the stay granted by Mr. Justice Hooker, and insisted that it was sufficiently broad in terms to stay all further steps in the action, including the trial, as against all the defendants. The court held and decided that the stay was not operative as against the defendant asphalt company. Thereupon counsel for the plaintiff left the courtroom, and the case was reached and called for trial, and the defendant asphalt company, in the absence of the plaintiff and his counsel, took a dismissal of the complaint, and thereafter entered judgment. This is a motion to vacate the judgment and open the default.

It will be observed that upon the application made at the trial for the postponement thereof, or the alternative of sending the case for trial before some other justice, three several grounds were alleged: (1) That Justice White should not try the case because of his expressed opinion upon the merits. (2) The engagement of counsel in the Appellate Division. (3) That the stay in force applied to all of the defendants. Upon this motion, the same points are made, with

little, if any, amplification of facts, to vacate the judgment and open the default, which were considered and held by Mr. Justice White as not affording sufficient grounds to postpone the trial of the action, and which led to the default taken. The granting of this motion would be, in substance and effect, a reversal of the decision made at the Trial Term. This is not permissible. Warth v. Moore Co., 125 App. Div. 211, 109 N. Y. Supp. 116; Sutter v. City, 106 App. Div. 129, 94 N. Y. Supp. 515. Whether the case was under the operation of the stay at the time the default was taken presents a question of law, and can only be reviewed on appeal, or by application for a reargument before the judge who made the decision.

The remaining grounds of the motion were addressed to the discretion of the court, and, it having exercised the same adverse to the plaintiff, should only be reviewed by the judge who rendered the decision or by the Appellate Court. Any other course would lead to endless confusion and disrespect to the judges and the courts. The orderly practice seems to require that a formal order be entered denying the application of the plaintiff, made to the Trial Term, with proper recitals, an appeal be taken, and thereby secure a review in the Appellate Court of the decision of the Trial Court.

I have not considered the merits of this motion under section 724 of the Code, as construed and applied in the cases, such as Prager v. Beardsley, 133 App. Div. 592, 118 N. Y. Supp. 232. Clearly the plaintiff should have his day in court, unless he has forfeited that right by the conduct of counsel. I have not considered or passed upon that question.

Motion denied, with $10 costs.