ROBERT H. THORBURN, Respondent, v. DELLORA R. GATES, Individually, Appellant, Impleaded with DELLORA R. GATES, as Executrix, etc., of CHARLES G. GATES, Deceased, Defendant.

First Department, April 5, 1917.

Pleading — practice — when motion to open default in pleading and to vacate judgment should be denied — decedent's estate — appointment of receiver of estate within this State where decedent a citizen of a foreign State — appeal.

Where, in an action to obtain the appointment of a receiver of the estate of a decedent who died a citizen of a foreign State, where his will was probated, an order is entered sustaining a demurrer to the amended complaint and granting defendant's motion for judgment, with leave to plaintiff to serve a further amended complaint within twenty days, and no amended complaint is served and no application is made for an extension of time within which to serve it, and ten days after the expiration of such time defendant moves, on notice, for final judgment, which is granted, and a further motion is made and granted for a resettlement of the order, and plaintiff appears on both of said motions but does not express any intention of serving a further amended complaint, nor ask for an extension of time to do so, he is not entitled, a month after the entry of said judgment, to have the same vacated and his default in not serving a second amended complaint opened.

The fact that the plaintiff needed time to prepare a new complaint may be sufficient reason for extending his time to plead upon application, but is no reason for excusing a deliberate default in the entry of judgment.

Even if the judgment should prove to be a bar to the commencement of another action in this State the plaintiff may still sue in the foreign State.

Whether or not the judgment dismissing the complaint "upon the merits" was right cannot be inquired into upon this appeal from orders opening plaintiff's default and vacating the judgment. The remedy of the plaintiff is to appeal from the judgment.

APPEAL by the defendant, Dellora R. Gates, individually, from part of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 15th day of February, 1917, and from part of an order entered in said clerk's office on the 29th day of January, 1917, as resettled by the prior order. An

appeal is taken from so much of said orders as grants plaintiff's motion that his default in not serving a second amended complaint herein be opened and the judgment herein on the 17th day of November, 1916, be vacated.

*A. L. Humes*, for the appellant.

*George Lester Lewis*, for the respondent.

SCOTT, J.:

This action was brought in March, 1916, to obtain the appointment of a receiver of the estate within the State of New York of John W. Gates, deceased, who died a citizen of the State of Texas, and whose will was probated in that State.

Plaintiff has already made two unsuccessful attempts to frame a complaint which would be proof against a demurrer. Both the original complaint and the first amended complaint were found to be defective. On August 26, 1916, an order was entered sustaining the demurrer to the amended complaint and granting defendant's motion for judgment. By this order plaintiff was permitted to serve an amended complaint within twenty days, *i. e.*, on or before October 17, 1916. No amended complaint was served, and no application made to the court for an extension of time within which to serve it. Ten days after the time to serve an amended complaint had expired defendant moved, on notice, for final judgment. This motion was granted on November 2, 1916. A motion was made for a resettlement of this order, which was granted, and final judgment entered on November 17, 1916. Plaintiff appeared by counsel on both of these last-mentioned motions, but did not, so far as appears, express any intention of serving a further amended complaint or ask for an extension of time to do so. On December 20, 1916, a full month after the entry of judgment, plaintiff made the motion resulting in the order appealed from which sets aside the judgment and allows plaintiff to serve a second amended complaint.

It appears that plaintiff voluntarily and knowingly permitted himself to be put into default. He had ample opportunity to apply to the court, before judgment was entered against him, for ·

an extension of time, but he did nothing of the sort, doubtless thinking that by suffering a default and taking his own time to move to open it he would get a longer extension than the court would be likely to give him. Such practice has been consistently disapproved. (*Sutter* v. *City of New York*, 106 App. Div. 129; *Herbert Land Co.* v. *Lorenzen*, 113 id. 802; *Warth* v. *Moore Blind Stitcher & Overseamer Co.*, 125 id. 211; *Prager* v. *Beardsley*, 133 id. 592; *Cascade Hotel Co.* v. *Orleans Real Estate Co.*, 153 id. 882.)

In *Prager* v. *Beardsley* (*supra*) this court said by Mr. Justice McLAUGHLIN: " The court, while having discretion to excuse defaults, does not have unlimited discretion. The Code of Civil Procedure (§ 724) states when a default may be excused. It is when the judgment is taken by 'mistake, inadvertence, surprise or excusable neglect.' The judgment in this action was not taken by mistake, inadvertence, surprise or excusable neglect. It was taken because the plaintiff absolutely refused without excuse to appear, and because he preferred to have his default taken and then speculate on what the court might do when he applied to have such default excused. Parties cannot trifle with the court in this way. If they choose to do so, they must abide by the consequences." The words above quoted are exactly applicable to the present case. The plaintiff does not even claim to bring himself within the language of the Code. He simply says that he needed time to prepare a new complaint. That might have been a sufficient reason for extending his time to plead if application had been made to the court in due season. It is no reason for excusing a deliberate default after the entry of judgment.

Even if the judgment should prove to be a bar to the commencement of another action in this jurisdiction, the plaintiff will not be left remediless, for he can still sue in the State of Texas where the administratrix is domiciled and the estate is being administered.

The plaintiff complains of the form of judgment entered which dismissed the complaint " upon the merits." Whether that judgment was right or not cannot be inquired into upon this appeal. The question is not before us. If plaintiff was dissatisfied with it his remedy was to appeal from it.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., DOWLING, SMITH and DAVIS, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.