COMMERCIAL SAVINGS BANK OF GRAND RAPIDS, MICHIGAN, Appellant, *v.* WILLIAM MANN, Individually and as Sheriff of Livingston County, and Another, Respondents.

Fourth Department, June 29, 1923.

Conversion — brokers paid defendant bank with check for draft with bill of lading attached and deposited bill of lading with new draft attached in plaintiff bank on which check was drawn — plaintiff bank gave credit for new draft but used credit to pay notes due it by brokers — broker's check given to defendant bank was dishonored — title to bill of lading is in plaintiff.

In an action for conversion of a cargo of beans it appeared that an order bill of lading with draft drawn upon brokers was sent to the defendant bank for collection; that the brokers paid the draft by check drawn on their account in the plaintiff bank; that the brokers deposited the bill of lading with a new draft attached in the plaintiff bank and received credit on their account for the amount of the draft; that at the time the check was drawn the brokers did not have enough money in the plaintiff bank to pay it, but with the credit given them on the draft their account was large enough to meet the check; that the plaintiff bank paid notes due it from the brokers and when the check was presented it was dishonored; that the defendant bank secured possession of the beans under a writ of replevin.

*Held*, that the plaintiff bank had no notice that as between the brokers and the defendant bank there was a failure of consideration; that it acquired a good title to the bill of lading deposited in its bank by the brokers; and that its rights are not affected by the fact that the credit which it gave the brokers was subsequently applied in payment of obligations due from them to it with knowledge of the outstanding check.

CLARK, J., dissents.

APPEAL by the plaintiff, Commercial Savings Bank of Grand Rapids, Michigan, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Livingston on the 30th day of September, 1921, upon the

verdict of a jury, and also from an order entered in said clerk's office on the 22d day of October, 1921, denying plaintiff's motion for a new trial made upon the minutes.

*Bowman & Van Schaick* [*George S. Van Schaick* of counsel], for the appellant.

*Newton, O'Connor & Newton.* [*Charles D. Newton* of counsel], for the respondent William Mann.

*Edwards P. Ward* [*Charles D. Newton* of counsel], for the respondent Grand Rapids National City Bank.

CROUCH, J.:

On September 22, 1920, the Cairo Farmers' Co-operative Elevator Company of Cairo, Mich., shipped a cargo of beans to its own order at Geneseo, N. Y. The order bill of lading with draft for $3,240, drawn upon Tausend & Maloney, Inc., brokers, of Grand Rapids, Mich., was sent to the Grand Rapids National City Bank for collection. On October 6, 1920, Tausend & Maloney, Inc., drew its check on the Commercial Savings Bank of Grand Rapids for $3,240, to the order of the Grand Rapids National City Bank, delivered it to the latter, and received from it the bill of lading. Thereupon Tausend & Maloney, Inc., attached to said bill of lading a draft for $3,450, drawn by it on Belden & Co., of Geneseo, N. Y., who had ordered the beans, duly indorsed the bill of lading and deposited the same with the draft to its general account in the Commercial Savings Bank. At the time Tausend & Maloney, Inc., drew said check and took up the bill of lading, it had between $400 and $500 in its account at the Commercial Savings Bank. After making the deposit of the draft and bill of lading with the Commercial Savings Bank, the account of Tausend & Maloney, Inc., was sufficient to meet the outstanding check given to the Grand Rapids National City Bank. Shortly after the close of the banking hours on October 6, 1920, the Commercial Savings Bank charged the account of Tausend & Maloney, Inc., $3,783.67, to pay the balance of a demand note of Tausend & Maloney, Inc., held by it, and $215.40 to credit upon another similar note held by it. The check given by Tausend & Maloney, Inc., to the Grand Rapids National City Bank was subsequently dishonored when presented because of lack of funds. The bill of lading was personally examined and approved by the cashier of the Commercial Savings Bank immediately before it was deposited. It showed on its face that it had been procured from and indorsed by the Grand Rapids National City Bank. It may be taken as a fact that shortly after the Commercial Savings Bank closed, on October 6, 1920, its

cashier was notified by Tausend & Maloney, Inc., that it had outstanding a check to the National City Bank for $3,240. On October 11, 1920, the defendant Mann, as sheriff, took possession of the beans at Geneseo under a writ in a replevin action brought by the Grand Rapids National City Bank. Thereafter demand for possession was made, and an affidavit of ownership served on the sheriff by the plaintiff, indemnity was furnished, and this action was begun. The defendant Grand Rapids National City Bank was permitted to intervene as a defendant by order of the court. At the close of the whole case plaintiff made a motion for the direction of a verdict in its favor, which was denied, the case was sent to the jury, and a verdict in favor of the defendants was rendered.

The only question submitted to the jury was whether or not the Commercial Savings Bank, when it applied the account of Tausend & Maloney, Inc., to the payment of the notes held by it, knew or should have known that such action would render worthless the outstanding check on that account held by the National City Bank. The jury was told that if the Commercial Savings Bank did have such knowledge, the verdict should be for defendant; otherwise for plaintiff. The precise theory of the charge is not clear.

The action is in conversion. The fundamental question is whether at the time of seizure the plaintiff had such title to the bill of lading and hence to the property seized as entitled it to immediate possession.

When the plaintiff accepted from Tausend & Maloney, Inc., the deposit of the draft and bill of lading, it became under the undisputed facts shown by the evidence an absolute purchaser. (*First National Bank* v. *Stengel,* 169 N. Y. Supp. 217; affd., 185 App. Div. 906; affd., 227 N. Y. 659; *Heinrich* v. *First National Bank,* 219 id. 1, 5; *Taft* v. *Quinsigamond National Bank,* 172 Mass. 363.) It likewise acquired an absolute title to the property unless it took with notice of some infirmity. (Pers. Prop. Law, §§ 218, 224, as added by Laws of 1911, chap. 248, known as Bills of Lading Act; Federal Bills of Lading Act [39 U. S. Stat. at Large, 543, 544], §§ 31, 37, respectively.) The answer of the defendant bank alleged fraud in the procurement from it of the draft and bill of lading. The case was not tried on that theory, the question was not passed on by the jury and there was no request by the defendant that it should be. The defense was in effect abandoned. In any event there was no evidence to sustain it.

It might have been though it was not urged that as between defendant bank and Tausend & Maloney, Inc., there was a failure

of consideration, which affected the title of the latter and gave the defendant bank the right to reassert title and reclaim the bill of lading. (*Carroll* v. *Sweet*, 128 N. Y. 19; *Comer* v. *Cunningham*, 77 id. 391.) But it seems clear that when the plaintiff bank became the purchaser of the bill of lading, it had no notice of that defect.

The only other matter suggested as affecting the title or interest of plaintiff bank is its subsequent application of the entire credit balance of Tausend & Maloney, Inc., to the payment of notes held by it, with knowledge of the check outstanding in the hands of defendant bank.

Under the contract between bank and customer the bank is authorized to pay the customer's paper and charge his account. (*Ætna National Bank* v. *Fourth National Bank*, 46 N. Y. 82, 88; *Baldwin's Bank* v. *Smith*, 215 id. 76, 80; *Heinrich* v. *First National Bank*, 219 id. 1, 4.)

Nor would knowledge of the outstanding check make it obligatory upon the bank to retain the deposit to meet it. (*Attorney-General* v. *Continental Life Ins. Co.*, 71 N. Y. 325, 331.)

Where the paper represents an indebtedness of the customer to the bank and has matured, the bank has like authority. (*Meyers* v. *New York County National Bank*, 36 App. Div. 482; *People* v. *St. Nicholas Bank*, 44 id. 313.) Facts may exist which would prevent such action by the bank. (*Straus* v. *T. N. Bank*, 122 N. Y. 379.)

These are matters which might arise in an action by defendant bank against plaintiff bank. They have no application here, for they relate to rights in the deposit, not to the title of plaintiff bank in the bill of lading.

The formal proof under sections 1709 and 1710 of the Code of Civil Procedure was sufficiently made out. It was the duty of the sheriff to deliver the goods to defendant bank after giving the bond required by section 1711 of the Code of Civil Procedure.* Plaintiff could rest on the presumption of duty performed.

The judgment and order appealed from should be reversed on the law, with costs.

All concur, except CLARK, J., who dissents and votes for affirmance.

Judgment and order reversed on the law and new trial granted, with costs to appellant to abide event.

---

* See Civ. Prac. Act, §§ 1107, 1108, 1109; Jus. Ct. Act, §§ 107, 108, 109.— [REP.