LEROY ARNOLD, INC., Plaintiff, *v.* EVERETT MACKEY, Defendant.

County Court, Albany County, May 13, 1927.

**Judgments — default — Civil Practice Act, § 485, does not permit entry of default judgment without application to court unless there is complaint in action — judgment taken against defendant on default, on proof of service of summons and notice, without application to court, vacated.**

A default judgment, within the meaning of section 485 of the Civil Practice Act, cannot be entered by the clerk without application to the court unless there is a complaint in the action, alleging certain causes of action.

Accordingly, a judgment taken by plaintiff against the defendant, upon his default in appearing or pleading, on filing proof of service of a summons and notice, and proof of defendant's non-appearance, but without application to the court, must be vacated and set aside.

MOTION to vacate and set aside judgment entered on default by defendant in appearing or pleading.

*Horace B. Casey*, for the plaintiff.

*Frost, Watson, Cass & Looby* [*J. Sheldon Frost* of counsel], for the defendant.

GALLUP, J. This is a motion to vacate and set aside a judgment recovered by the plaintiff against the defendant upon his default in appearing or pleading, on filing proof of service of a summons and notice and proof of the defendant's non-appearance, without application to the court. It is conceded that there was no complaint ever filed with or presented to the clerk upon entry of judgment.

The defendant contends that the only authority for the entry of a default judgment without application to the court is found in section 485 of the Civil Practice Act, and that the question as to whether or not the conditions for the exercise of such authority exist is to be ascertained solely from the complaint, and that, therefore, there can be no default judgment entered without application to the court, unless there be a complaint.

The claim of the plaintiff is that he proceeded in accordance with the provisions of rule 46 of the Rules of Civil Practice and section 486 of the Civil Practice Act, and that no complaint is required or application to the court necessary.

Section 486 of the Civil Practice Act, standing alone, might seem to indicate that judgment may be entered by the clerk without application to the court in a default case, on filing proof of service of a summons and notice and proof of the non-appearance of the defendant, were it not for the first sentence of said section which

refers to section 485, and limits all of the provisions of section 486 to such actions as are specified in section 485.

The title of section 485 is " Entry of default judgment by clerk," and the text, so far as material to the question involved here, reads as follows: " Judgment may be taken without application to the court where the *complaint* sets forth one or more causes of action, * * * " so that it appears that so far as section 485 is concerned, the only cases where default judgment may be entered by the clerk, without application to the court, are those where there is a *complaint*, setting forth certain causes of action.

If section 485 of the Civil Practice Act did not contemplate that there should be a complaint as a condition precedent to the entry of a default judgment by the clerk, without application to the court, and the only purpose of section 485 was to enumerate the classes of actions in which a judgment might be entered by the clerk on the defendant's default without application to the court, there would have been no necessity for using the word " complaint " in that section, and the section no doubt would have read: " Judgment may be taken without application to the court in the following cases " — enumerating the classes of cases in which judgment might be so taken. In other words, it would seem that the word " complaint " was used in section 485 advisedly, and was inserted for some purpose. If the word " complaint " had not been used in section 485, of course there would be no apparent conflict with section 486, but when it is considered that the first sentence of section 486 reads " in an action specified in the last section," the conflict is more apparent than real.

Section 485 enumerates the class of cases in which a default judgment may be entered by the clerk without application to the court, and if there be no complaint there is no basis for a determination by the clerk as to whether or not the judgment which he is asked to enter is in an action falling within the classification set forth in said section.

Without a complaint there is no means of determining what has been litigated in the event of subsequent suits between the same parties.

Section 487 of the Civil Practice Act also deals with the question of the entry of default judgment by the clerk, without application to the court, the title of which is " Determination by clerk of amount of default judgment." In the text of that section only two classes of cases are specified; one where the *complaint* is verified, and one where the *complaint* is not verified, and in each instance the method of procedure to be followed by the clerk in determining the amount of judgment is set forth, but the section does not

contemplate the entry of judgment by the clerk in a case where there is no complaint.

If there is any apparent conflict between section 486 and sections 485 and 487, all dealing with the same subject-matter, they should be read together, and it seems to me that section 485, which is the basic section specifying in which cases a default judgment may be entered by the clerk, without application to the court, should be controlling, and that section deals only with cases where there is a complaint.

Rule 46 of the Rules of Civil Practice can have no greater effect than a section of the Civil Practice Act, and if inconsistent therewith, must yield to the provisions of the Civil Practice Act. (Laws of 1920, chap. 902, § 1.)

Neither party has cited any New York authority in point, and I have not been able to find any. There are, however, numerous authorities in other jurisdictions holding that a complaint is essential to a valid judgment. (23 Cyc. 695; 34 C. J. 153, and cases there cited.)

For the reasons herein briefly stated, I think that the motion of the defendant to vacate and set aside the judgment should be granted.

Order may be entered accordingly.