JULIUS JUSKOWITZ and Another, as Executors, etc., of SADIE JUSKOWITZ, Deceased, Plaintiffs, *v.* MORRIS J. STERN and Others, Defendants.

City Court of New York, New York County, January 23, 1935.

*Edward Weinfeld*, for the plaintiffs.

No other appearances.

RYAN, J. Plaintiff has obtained an order dated November 27, 1934, directing that judgment be entered against Morris J. Stern and Florence Stern upon a summons and notice.

The clerk of the court has refused to enter the judgment and the matter has been referred to me.

In a proceeding of this nature we are governed by sections 485, 486 and 487 of the Civil Practice Act, which must necessarily be read together. Section 485 provides that " judgment may be taken without application to the court where the complaint sets forth one or more causes of action, each consisting of the breach of an express contract to pay absolutely or upon a contingency a sum or sums of money fixed by the terms of the contract or capable of being ascertained therefrom by computation only." Section 486 provides:

" In an action specified in the last section, where the summons was personally served upon the defendant, and a copy of the complaint or a notice stating the sum of money for which judgment will be taken was served with the summons, * * * the plaintiff may take judgment by default, as follows: 1. If the defendant has made default in appearing, the plaintiff must file proof of the service of the summons and of a copy of the complaint or the notice." And section 487 provides that " where final judgment may be entered by the clerk, as prescribed in the last section, the amount thereof must be determined as follows: 1. If the complaint is verified, the judgment must be entered for the sum for which the complaint demands judgment * * *. 2. If the complaint is not verified, the clerk must assess the amount due to the plaintiff by computing the sum due upon an instrument for the payment of money only, the non-payment of which constitutes a cause of action stated in the complaint."

Reading those sections together would seem to clearly indicate that a complaint is one of the papers necessarily required for the entry of a judgment by the clerk, for without that first pleading, what basis could the clerk have to determine that the cause of action was one of those enumerated in section 485 of the Civil Practice Act? Section 486 of the Civil Practice Act refers specifically to the last section in providing for the proof necessary to be filed before a judgment can be entered by default, and section 487 requires the clerk to determine the amount due as declared in the complaint.

That a complaint is an indispensable part of the judgment roll has been held in the case of *Leitch* v. *Wells* (48 N. Y. 585, 604) and a reading of rule 202 of the Rules of Civil Practice discloses that the judgment roll shall consist, except where other special provision is made by law, of the summons, the pleadings, or copies thereof. While rule 46 of the Rules of Civil Practice authorizes the service of a notice with the summons in certain classes of actions, this rule can have no greater effect than a section of the Civil Practice Act, and if inconsistent, must yield to the provisions thereof. (*Arnold, Inc.,* v. *Mackey,* 129 Misc. 643.)

The refusal of the clerk to enter the judgments has been referred to me, and, in view of the foregoing, I am of the opinion that a complaint is required to be filed as part of the judgment roll, and the order dated November 27, 1934, is vacated.

Order signed.