In the Matter of the Application of ADOLPH M. NEWMAN, Appellant, for a Mandamus Order against PIUS L. SCHWERT, County Clerk of Erie County, Respondent.

Fourth Department, May 28, 1935.

*Adolph M. Newman*, for the appellant.

*Layton H. Vogel* [*Jacob Tick* of counsel], for the respondent.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and LEWIS, JJ.

The following is the opinion of the court below:

LARKIN, J. While it is alleged that the clerk refused to enter and file the judgment roll tendered, and docket the judgment in accordance therewith, nowhere is it stated in the petition that any proof was offered to the clerk from which he could determine the amount for which final judgment might be entered, as required by section 487 of the Civil Practice Act. Although it is true that the clerk's duties are ministerial, nevertheless it is equally true that mandamus should not issue unless there is a clear legal right thereto. Even assuming that the judgment roll would be complete without a complaint, despite rule 202, subdivision 2, of the Rules of Civil Practice, certainly the clerk cannot be compelled to file it and docket a judgment in accordance therewith until the plaintiff has furnished proof as to the amount for which judgment may be entered. If the notice, by virtue of rule 46, be deemed a short form of complaint, in effect, thereby, stating that the cause of action sued is one upon contract, nevertheless it can have no greater force than an unverified complaint. In any event, section 487 of the Civil Practice Act precludes the clerk from entering a judgment until some basis is offered him for determining the amount thereof. Indeed, it has been a matter of controversy among lawyers for many years as to the proper method to be pursued in entering a judgment where an unverified complaint or a summons with notice has been served.

The usual practice has been to file a verified complaint, which the clerk accepts in lieu of the assessment. Other careful practitioners however, have insisted that the assessment must be made. This very controversy is noted in Wait's New York Practice (vol. IV [3d ed.], at p. 498). While the rules committee stated that rule 46 was new, the same practice of suing on contract by summons and notice was authorized by sections 419 and 420 of the Code of Civil Procedure. Rule 46 has added little or nothing to those sections. The practice today, under the Civil Practice Act and the Rules of Civil Practice, in so far as the entry of judgment on a summons and notice is concerned, is no different than

it has been for generations. Neither is *Bump* v. *Carnavale* (137 Misc. 707) an authority for petitioner on this application. It is insisted that the decision of Mr. Justice RODENBECK in that case determined that it was not necessary to file a complaint where a summons and notice were served. The same decision is reported in 244 New York Supplement, 206, with the syllabus prepared by the court. From that it is clear that the only question presented was whether or not a judgment could be entered, under the circumstances, without application to the court. Moreover, nowhere in defendant's moving papers therein, did it appear that the complaint had not been filed, although as a matter of fact it was not. In so far as the unreported decision of Mr. Justice STALEY, cited by the petitioner, is concerned, patently, that decision was predicated on the erroneous assumption that *Bump* v. *Carnavale* determined that no complaint was necessary.

While the decision of this motion may well rest upon the ground that the plaintiff did not show himself entitled to have the judgment docketed, because there is no allegation of a tender of proof to the clerk upon which to compute damages, nevertheless I am convinced that the respondent is correct when he urges that a complaint is a necessary part of a judgment roll. This contention finds support, not only in the usual and customary practice of lawyers, but in the statements of the text book writers, as well. Moreover, in *Leitch* v. *Wells* (48 N. Y. 585, at p. 604) Commissioner HUNT says in his opinion that a complaint is an indispensable part of the roll, citing section 281 of the Code of Procedure. Subdivision 2 of rule 202 of the Rules of Civil Practice is derived from section 1237 of the Code of Civil Procedure, which, in turn, was a revision of section 281 of the old Code of Procedure. The necessity of a complaint to support a judgment is also noted in *Sutherland* v. *St. Lawrence County* (42 Misc. 38, at p. 43; revd. on other grounds, 101 App. Div. 299).

The application is denied.