In the Matter of the Petition of JOHN HERMAN, Appellant, to Compel SUSAN ELIZABETH LAUGHLIN and WILLIAM CHAUNCEY LAUGHLIN to File an Inventory, etc., as Executors, etc., of WILLIAM LAUGHLIN, Deceased, Respondents. (NATHAN

TENEBAUM Substituted as Appellant in Place of JOHN HERMAN.) — Decree affirmed, with costs. Memorandum: The appellant's contention that he is a creditor of the estate of the deceased rests solely upon a judgment which was entered after the death of the decedent. The testator died on August 30, 1935, and the judgment was entered on January 3, 1936. The appellant claims that he had the right to enter such judgment because the defendant was in default two days before the time of his death. On September 22, 1936, the judgment was amended *nunc pro tunc* so as to show that the defendant died on August 30, 1935. However, the proof of the default required by section 486 of the Civil Practice Act to be filed with the clerk, was not so filed until January 3, 1936, and the computation of interest required to be made by the clerk by section 487 of the Civil Practice Act, was not made until January 3, 1936. A clerk is without authority to enter a default judgment until the plaintiff has furnished proof as to the amount for which judgment may be entered. (*Matter of Newman*, 245 App. Div. 46; leave to appeal denied, 268 N. Y. 725.) At the time the judgment was entered against the decedent a verdict, report or decision had not been actually rendered against him and the judgment was entered in violation of the provisions of section 478 of the Civil Practice Act and is void. Therefore, upon the papers presented to the Surrogate's Court upon the hearing in this proceeding, it was not established that the petitioner was a creditor of the estate of the decedent. All concur. (The decree dismisses the petition in a proceeding to compel executors to file an inventory.) Present — Crosby, Lewis, Cunningham, Taylor and Dowling, JJ.