HARRY CARR, Plaintiff, *v.* GEORGE CUNNINGHAM, Defendant.

County Court, Chemung County, July 22, 1949.

*Bertram A. Ziff* for plaintiff.

*Sheldon F. Roe* for defendant.

MATHEWS, J. This proceeding relates to a default judgment entered in Chemung County Clerk's office on the 7th day of February, 1949, at 12:56 P.M. in Volume 50 of Judgments at page 29 for the sum of $721.05 damages and $18.25 costs amounting in all to $739.30.

Defendant moves for an order vacating and setting aside the said judgment on the ground that the judgment roll consists only of two affidavits and a statement of judgment and costs on a Williamson law blank form No. 262, and that no summons, no summons and notice, no complaint in writing, and no statement in writing assessing damages were included in said judgment roll.

The plaintiff admits that the judgment roll as filed in Chemung County Clerk's office consists only of those papers mentioned and states through inadvertence the original summons and notice, together with the affidavit of service were not filed, and

prays that the relief sought by the defendant be denied on the ground that the defendant is and has been in default since on or about the 28th day of December, 1948, and is therefore guilty of considerable laches or, in the alternative, that the plaintiff be permitted *nunc pro tunc* to file the summons and notice and affidavit of service which the deponent inadvertently failed to file on February 7, 1949, and that the plaintiff be permitted to file *nunc pro tunc* any other papers which this court shall direct are necessary.

If the defendant were guilty of laches the plaintiff was guilty of inadvertence, and we therefore are not making any determination upon this phase of the proceeding.

The three sections of the Civil Practice Act primarily involved are 485, 486 and 487, under the general heading of judgment by default. While the three sections must be read together to determine the general purpose and spirit of the act, the division is logical and each section has its specific purpose.

Section 485 relates to the entry of default judgment by the clerk, and provides that judgment may be taken without application to the court where the complaint sets forth one or more causes of action involving contracts express or implied and thereupon demands judgment for a sum of money only. The purpose of this section is to define in what cases a default judgment may be taken without application to the court. The test is whether the complaint sets forth such a cause of action.

Section 486 sets forth the proof to be filed with the clerk upon a default in an action specified in section 485, and provides that a copy of the complaint or a notice stating the sum of money for which judgment will be taken in case of default must be filed with the other required papers. In other words, in apparent disregard of the requirement of a complaint set forth in section 485, it seems to be indicated that a notice will fulfill all the purposes of a complaint and may be served and filed in place of a complaint. This introduces our problem in the present case and in many similar cases. It will help in our consideration to remember the purpose of this section — to indicate the proof to be filed with the clerk.

Section 487 provides for the determination by the clerk of the amount of default judgment. The purpose of this section is to state the basis upon which the clerk makes such determination. It provides for two specific procedures. In each procedure a complaint is necessary. If the complaint is verified, the complaint is sufficient proof for the determination. If the complaint

is not verified, extraneous proof is necessary. There is no provision for the determination by the clerk of the amount of default judgment where only the notice has been served and filed.

Reading the three sections together with the specific purpose of each section in mind, the general purpose and spirit of the act becomes clear. Section 485 clearly indicates the requirement of a complaint to set forth a permissible cause of action. Section 487 clearly indicates the requirements of a complaint as a basis for the determination by the clerk of the amount of judgment. Section 486 with apparent clearness sets forth the proof to be filed with the clerk but the fact that this section provides that a notice is sufficient for one purpose, does not mean that the notice is sufficient for all purposes, especially the purposes denoted in sections 485 and 487. A notice does not take the place of a complaint where a complaint is necessary.

A notice stating the sum of money for which judgment will be taken in case of default, such as we are discussing, has been called a short form of complaint. Consideration of the rules of pleading reveals that this is a misnomer. Section 241 of the Civil Practice Act provides that every pleading shall contain a plain and concise statement of the material facts, without unnecessary repetition, on which the party pleading relies; and section 255 provides that the complaint must contain a statement of each cause of action, and a demand of the judgment to which the plaintiff supposes himself entitled. It is obvious that a simple notice of the amount claimed cannot meet these requirements. The notice is only a notice. While it may properly be served upon a defendant to apprise him of the amount of the judgment that will be taken against him in case of default, it does not fulfill the requirements of a complaint in section 485, or in section 487. Moreover, if a notice is not a short form of complaint, it is not a pleading, and therefore does not satisfy the requirements of subdivision 2 of rule 202 of the Rules of Civil Practice, defining a judgment roll.

There is no question that a notice may be served with the summons and in place of the complaint, as provided in section 486 and as supplemented by rule 46 of the Rules of Civil Practice. It is reasonable to infer that the purpose of this provision was to afford a speedy method of suit in cases of urgency, where time does not permit the preparation of a complaint, and also as an easy method of commencing a simple contract action. It was not intended, however, to dispense with the complaint. The problem arises because the Legislature failed to provide in section 486, in conformity with sections 485 and 487, that a com-

plaint is eventually essential, and must be filed as a necessary part of the judgment roll.

" Inconsistency in the same statute is thought to be contrary to the intent of the lawmakers, and hence it is to be avoided. Thus, generally a particular provision of an act is not to receive a special meaning at variance with the general purpose and spirit of the act." (McKinney's Cons. Laws of N. Y., Book 1, Statutes [1942 ed.], § 98.) In accordance with this principle, I am satisfied that a complaint is a necessary part of the judgment roll under sections 485, 486 and 487 of the Civil Practice Act, and that the provision as to a notice interposed in section 486 must yield to the general requirement of a complaint.

Cases are available to support my conclusion: *Arnold, Inc., v. Mackey* (129 Misc. 643 [County Ct., Albany Co., May 13, 1927]). On a similar set of facts and in a very well-reasoned opinion, the court holds, as stated in the headnote: " A default judgment, within the meaning of section 485 of the Civil Practice Act, cannot be entered by the clerk without application to the court unless there is a complaint in the action, alleging certain causes of action. Accordingly, a judgment taken by plaintiff against the defendant, upon his default in appearing or pleading, on filing proof of service of a summons and notice, and proof of defendant's non-appearance, but without application to the court, must be vacated and set aside."

*Juskowitz* v. *Stern* (158 Misc. 28 [City Ct. of New York, N. Y. Co., Jan. 23, 1935].) This case cites the *Arnold* case (*supra*) and holds that the judgment roll must contain the complaint before the clerk of the court can enter a judgment by default.

*Matter of Newman* v. *Schwert* (245 App. Div. 46 [Fourth Dept., May 28, 1935]). This was an appeal by the petitioner from peremptory order of mandamus of the Supreme Court entered in the office of the Clerk of the County of Erie on March 25, 1935, and affirmed by order on the opinion of Mr. Justice LARKIN in Supreme Court, holding that a County Clerk cannot be compelled to file a judgment roll and docket a judgment in accordance therewith until the plaintiff has furnished proof as to the amount for which judgment may be entered, and that a complaint is a necessary part of a judgment roll.

*Bump* v. *Carnavale* (137 Misc. 707 [Sup. Ct., Ontario Co., July 17, 1930]). This case seems to hold to the contrary and is the only such case coming to my attention. In his opinion set forth in the Appellate Division case, however, Justice LARKIN refers to the case of *Bump* v. *Carnavale* (*supra*), and states

that it is clear that the only question presented was whether or not a judgment could be entered under the circumstances without application to the court, and that it is an erroneous assumption that *Bump* v. *Carnavale* determined that no complaint was necessary.

The motion to vacate and set aside the said judgment is granted with permission to the plaintiff to serve a complaint in the aforesaid action within ten days from date of order and with permission to the defendant to answer the said complaint within ten days after its service.

Plaintiff's countermotion is denied.