Charles Lambíase, J.
Plaintiff has been ordered to show cause ‘ ‘ why an order should not be made vacating and setting aside the judgment and opening the default of the defendants herein, and why the defendants should not have such other and further relief as to this Court may seem just and proper in the premises.” (Show Cause Order dated December 20, 1962.)
The defendants in this action were personally served on December 27,1961 with a summons and notice which stated that judgment would be taken against them in the sum of $1,842.05 with interest, costs and disbursements by the plaintiff, Kenneth R. Smith. Judgment was taken against them January 31, 1962 and a transcript thereof was filed in Otsego County Clerk’s *152 office. Concededly, no complaint has ever been served upon the defendants, and the judgment roll as filed does not contain a complaint, verified or unverified.
One of the points made by the defendants is that a complaint is a necessary part of the judgment roll and must be included therein and filed therewith. Plaintiff, among other things, contends that the judgment roll is not irregular for failure to contain a complaint.
We have concluded that defendants’ motion must be granted. (Civ. Prac. Act, §§ 485, 486, 487; Arnold v. Mackey, 129 Misc. 643; Juskowitz v. Stern, 158 Misc. 28; Matter of Newman v. Schwert, 245 App. Div. 46; Carr v. Cunningham, 196 Misc. 198.) In view of our determination on this point, we do not deem it necessary to discuss the other points urged by counsel for the parties.
While it does not specifically appear in the moving papers, counsel for the defendants, by letter dated January 25, 1963, a copy of which we are informed was mailed to plaintiff’s attorneys, asks that the order sought include a provision for reimbursement to the defendants of the sum of $90.35 which he states has been collected from them through the Sheriff’s office of Otsego County, New York, on a garnishee execution. It would seem that in view of our determination, reimbursement should be made of any sums collected under and by virtue of any execution. Since there is only a letter before us stating the amount, we leave the amount of restitution, as well as the question of the Sheriff’s fees in connection therewith, to be settled and to be agreed upon by the parties; and if they are unable to agree, the same will be disposed of upon the settlement of the order hereinafter provided for.